AMW MATERIALS TESTING, INC. and Anthony Antoniou, Plaintiffs,

v.

TOWN OF BABYLON, The North Amityville Fire District, The Board of Commissioners of the North Amityville Fire District, and the North Amityville Fire Company, Inc., Defendants.

No. 01 CV 4245(ADS)(ETB).

United States District Court, E.D. New York.

April 14, 2003.

Lustberg & Ferretti, by Robert M. Lustberg, of Counsel, Glens Falls, NY, for the Plaintiffs.

Petrone & Petrone, P.C., by David A. Bagley, of Counsel, Utica, NY, for the Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

AMW Materials Testing, Inc. ("AMW") and Anthony Antoniou (collectively, the "plaintiffs") commenced this action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.* against the Town of Babylon ("Town"), The North Amityville Fire District, The Board of Commissioners of the North Amityville Fire District, and The North Amityville Fire Company, Inc. (collectively, the "defendants"). Presently before the Court are the following motions: (1) the defendants' motion requesting that United States Magistrate E. Thomas Boyle's October 2, 2002 order be set aside; and (2) the Town's motion requesting that Judge Boyle's October 21, 2002 order be set aside and motion seeking a protective order.

## I. BACKGROUND

### A. General Factual Background

AMW Materials Testing, Inc. ("AMW") operated an industrial facility in the Town of Babylon ("Town"). At its facility, AMW performed non-destructive testing, anodizing, alodine coating, and painting of parts for the aircraft industries. Some of the chemicals used at the AMW facility were hazardous substances and materials within the meaning of CERCLA.

According to the plaintiffs, the defendants knew that AMW was using hazardous substances and materials and that at least as early as June 15, 1995, the Town issued permits to AMW for (1) the use and storage of flammable and combustible liquids and other hazardous chemicals, (2) the use of ovens and furnaces, and (3) the conducting of spraying operations for flammable finishes. The plaintiffs contend that from June 1995 through June 2000 the Town issued and annually renewed permits to AMW to conduct such activities. Furthermore, the plaintiffs assert that the Town conducted several site inspections of the AMW facility.

On October 9, 2000, a fire broke out at the AMW facility. The plaintiffs claim that Methylethylketone, a flammable material and a hazardous substance, was ignited in the paint room during a cleaning operation. The fire alarm at AMW automatically called in the fire to a central alarm, which confirmed the fire with AMW and called the defendant The North Amityville Fire Company, Inc. In treating the fire, the plaintiffs contend that the defendants' actions directly and proximately caused, among others things, a release of hazardous substances, dispersal and migration of various hazardous substances, damage to the environment, and the destruction of the AMW facility.

### B. Procedural Background

On June 22, 2001, the plaintiffs commenced this action seeking to hold the defendants liable in damages for losses resulting from the fire. Some of the losses include the cost of environmental remediation ordered by the New York State Department of Environmental Conservation by reason of the escape of hazardous and toxic materials from the AMW facility during the fire. In May 2001, the Town commenced criminal proceedings against AMW based on charges related to the instant action.

On October 23, 2001, after the parties agreed to a discovery schedule, Judge Boyle entered a scheduling order. The scheduling order required that all depositions, except for experts, were to be completed by July 31, 2002. The scheduling order set forth a discovery completion date of November 30, 2002. The plaintiffs noticed and took all of their depositions in the spring of 2002. However, the defendants did not notice any depositions.

By letter dated March 15, 2002 to the plaintiffs, the defendants' counsel inquired as to whether noticing the plaintiffs' depositions would be postponed due to the pending criminal proceedings. In a letter dated May 20, 2002, the plaintiffs' counsel informed the defendants that there was no need to wait for the resolution of the criminal proceedings and that they intended to conclude this case within the time schedule ordered by the Magistrate Judge.

On August 8, 2002, the criminal charges were dismissed against AMW. Thereafter, the defendants served several notices of deposition on August 22, 2002 and one on September 4, 2002. The plaintiffs' counsel rejected the defendants' deposition notices. On September 10, 2002, the defendants requested that Judge Boyle extend the July 31, 2002 deposition deadline, which request was opposed by the plaintiffs.

On October 2, 2002, Judge Boyle held a conference, and after reviewing the parties' submissions and following brief argument, he found that the defendants' failure to notice or take depositions was a calculated decision to obtain advantage in this case through the criminal proceedings. Judge Boyle determined, among other things, that the defendants failed to establish good cause to modify the originally agreed scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") to allow fact depositions. Thus, the defendants' request to modify the scheduling order to exceed the time for non-expert deposition was denied.

At the conference, the parties also discussed the plaintiffs' second request to the Town for production of documents. Judge Boyle indicated that the plaintiffs could submit a motion to compel. By letter dated October 8, 2002, the plaintiffs moved to compel the Town to produce the following documents: (1) all Fire Prevention Permits issued to industrial and/or commercial entities or uses in the Town for the period October 1998 through October 2000; (2) all renewals of Fire Prevention Permits issued by the Town during the period October 1998 through October 2000; and (3) all applications submitted to the Town for Fire Prevention Permits or renewals of Fire Prevention Permits, during the period October 1998 through October 2000, whether issued or denied, and all correspondence from the Town which contained or accompanied said permits, renewals or denials. The Town responded by letter dated October 16, 2002 and asserted that the documents sought by the plaintiffs were irrelevant to the subject of the action and that compliance with the plaintiffs' request would be unduly burdensome. By order dated October 21, 2002, Judge Boyle directed the Town to produce the documentation that was the subject of the plaintiffs' motion to compel.

The defendants now move to set aside Judge Boyle's October 2, 2002 order denying the defendants' request to modify the scheduling order so that they may take non-expert depositions. The Town also moves to set aside Judge Boyle's October 21, 2002 order granting the plaintiff's motion to compel the Town to produce certain document and moves for a protective order.

## II.  DISCUSSION

### A.  Standard of Review

■ When considering objections to a magistrate judge's ruling on a nondispositive matter, a district judge shall "modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . [where] the magistrate's order is clearly erroneous or contrary to law."). Matters involving pretrial discovery are generally considered "nondispositive of the litigation" and thus are subject to the "clearly erroneous or contrary to law standard." *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990) (citation omitted). An order is "clearly erroneous" only when " 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Thompson v. Keane,* No. 95 CV 2442, 1996 WL 229887, at *1, 1996 U.S. Dist. LEXIS 6022, at *1 (S.D.N.Y. May 6, 1996) (citations omitted).

■ A party seeking to overturn a discovery order therefore bears a heavy burden. *See Com–Tech Assocs. v. Computer Assoc. Int'l,* 753 F.Supp. 1078, 1079 (E.D.N.Y.), *aff'd,* 938 F.2d 1574 (2d Cir.1991). "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Universal Acupuncture Pain Serv., P.C. v. State Farm Mutual Auto. Ins. Co., et al.,* No. 01 CV 7677, 2002 WL

31296317, at *1, 2002 U.S. Dist. LEXIS 19555, at *2 (S.D.N.Y. Oct. 10, 2002) (citing *Lanzo v. City of New York*, No. 96 CV 3242, 1999 WL 1007346, at *1, 1999 U.S. Dist. LEXIS 16569, at *2 (E.D.N.Y. Sept. 21, 1999)).

## B. As to the October 2, 2002 Order

■ The defendants argue that Judge Boyle's October 2, 2002 order denying their request to modify the scheduling order to take non-expert deposition testimony was clearly erroneous and an abuse of discretion. According to the defendants' counsel, depositions were not taken before the time prescribed because of his failure to pay sufficient attention to the discovery schedule.

■ Fed.R.Civ.P. 16(b) permits the magistrate judge, when authorized by the district court, to enter scheduling orders concerning, among other things, the time for completion of discovery. After a scheduling order is entered, it "shall not be modified except upon a showing of good cause." Fed.R.Civ.P. 16(b). "Good cause" means that despite the moving party's diligence the schedule cannot be reasonably met. *Covington v. Kid*, No. 94 CV 4234, 1999 WL 9835, at *3, 1999 U.S. Dist. LEXIS 64, at *7 (S.D.N.Y. Jan. 7, 1999).

Here, after the parties agreed to a discovery schedule, Judge Boyle entered a scheduling order on October 23, 2001. According to that order, all depositions, except for experts, were to be completed by July 31, 2002. Thus, the parties had a period of nine months to hold non-expert depositions. In May 2001, the Town commenced criminal proceedings against AMW for charges relating to the instant action. While the plaintiffs noticed and took all of their depositions in the spring of 2002, the defendants did not notice any depositions. On August 8, 2002, the criminal proceedings were dismissed against AMW. After the criminal charges were dismissed and approximately one month after the July 31, 2002 deadline prescribed in the scheduling order had elapsed, the defendants served several deposition notices.

■ At a conference scheduled on October 2, 2002, Judge Boyle determined that the defendants' failure to notice or take depositions was a deliberate tactical strategy to obtain advantage in this case by way of a criminal proceeding. Judge Boyle determined that the defendants deliberately ignored the scheduling order and then served all their depositions after the criminal case was dismissed. In addition, he found that in a letter dated May 20, 2002, the plaintiffs' counsel specifically informed the defendants that there was no need to await the resolution of the Town's criminal charges and that they intended to conclude this case within the time ordered time constraints. Furthermore, Judge Boyle noted that despite the absence of any impediment, the defendants never made an application to modify the scheduling order or to stay discovery pending the outcome of the criminal proceedings. Thus, Judge Boyle found that the defendants failed to establish good cause to modify the scheduling order. Based on the aforementioned reasons, the Court agrees with Judge Boyle that the defendants' failure to take depositions within the time prescribed was deliberate. Even assuming that the defendants failure to take depositions was not a calculated decision, the Court finds that the explanation provided by defendants' counsel that he did not pay sufficient attention to the discovery schedule does not establish good cause. Counsel's inadvertence or oversight is not good cause for the purposes of Rule 16. *See Bracy v. State of New York, et al.*, No. 98 CV 3308, 2001 WL 1550666, at *1, 2001 U.S. Dist. LEXIS 19986, at *3 (S.D.N.Y. Nov. 28, 2001); *Carnrite v. Granada Hosp. Group, Inc., et al.*, 175 F.R.D. 439, 448 (W.D.N.Y. 1997). As stated by one court, "[s]trict enforcement of the good cause requirement of Rule 16 may seem like unnecessarily strong medicine, [b]ut if the courts do not take seriously their own scheduling orders who will?" *Carnrite*, 175 F.R.D. at 448. Indeed, if oversight or inadvertence constituted good cause, all scheduling orders would become meaningless. *See Bracy*, 2001 WL 1550666, at *1, 2001 U.S. Dist. LEXIS 19986, at *3.

Thus, the Court concludes that the defendants have provided no basis for finding any good cause. The Court therefore finds that Judge Boyle's order was neither an abuse of discretion nor contrary to law. Accordingly,

the defendants' request to set aside his October 2, 2002 order is denied.

## C. As to October 21, 2002 Order

■ The Town contends that Judge Boyle's October 21, 2002 order granting the plaintiff's motion to compel the Town to produce certain documents was clearly erroneous and contrary to law. The Federal Rules set liberal limits on the scope of discovery. Under Fed.R.Civ.P. 26(b)(1), a party may inquire about "any matter, not privileged, that is relevant to a claim or defense," and "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." The information need not be admissible if reasonably calculated to lead to admissible evidence. Fed.R.Civ.P. 26(b)(1). The term "reasonably calculated" means "any possibility that the information sought may be relevant to the subject matter of the action." *Omega Eng'g, Inc. v. Omega, S.A.*, No. 98 CV 2464, 2001 WL 173765, at *2, 2001 U.S. Dist. LEXIS 2010, at *2 (D.Conn. Feb. 6, 2001).

■ While the Federal Rules mandate a liberal standard, district courts are empowered to issue protective orders to temper the scope of discovery under Fed.R.Civ.P. 26(c). *See, e.g., Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir.1992) ("the grant and nature of protection is singularly within the discretion of the district court . . .") (citations omitted). If the party seeking the protective order demonstrates good cause, "the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." Fed.R.Civ.P. 26(c)(4). To show good cause, particular and specific facts must be established rather than conclusory assertions. *Hasbrouck v. BankAmerica Housing Serv.*, 187 F.R.D. 453, 454 (N.D.N.Y.1999) (citations omitted).

The Town asserts that the documents sought by the plaintiffs are not relevant. Furthermore, the Town argues that even assuming that the materials sought are relevant, compliance with the October 21, 2002 order would be unduly burdensome. According to the Town, the order would require Town personnel to open each of the 1,200 or so files and determine which are for facilities at which hazardous or toxic chemicals are reported to be located, then cull page by page and redact, each application, permit, and item of related correspondence applicable to the time period delineated by the plaintiffs. The Town's assertions are without merit.

The Court finds that the documents sought by the plaintiffs are relevant to the subject matter involved in this action. Since at least 1995, the plaintiffs claim that they had a Fire Prevention Permit in place which was renewed by the Town each year. However, the Town denies that AMW's permit was ever actually issued or renewed. Based on the Town's assertion, the Court agrees with the plaintiffs that the Town placed directly in issue its protocols for issuing and renewing Fire Prevention Permits and the correspondence and accompanying documentation which would typically be expected upon application, issuance or denial and renewal. The Court further agrees with the plaintiffs that the documents ordered to be produced are relevant on the issue of the defendants' liability, as they may relate to the issue of notice. In particular, the documents are probative on the issue of the defendants' knowledge of the types of industrial uses and hazardous materials present in the Town and the reasonableness or lack thereof of the Town's failure to train or equip the fire responders in the Town to adequately respond to fires involving hazardous materials. Thus, the documents may very well be relevant to the plaintiffs' claims. As such, Judge Boyle's October 21, 2002 order was not clearly erroneous or contrary to law.

■ Nor is the Court persuaded that Judge Boyle's order will unduly burden the defendants. In a letter dated October 16, 2002, the defendants' counsel stated that most or all of the documents that plaintiffs have demanded are stored on microfilm. As such, Judge Boyle limited document production to only documents stored on microfilm to make retrieval less burdensome. Also, as

the plaintiff's point out, these records are regularly utilized by the Town in the ordinary course of its business and are all subject to yearly renewals, with accompanying notices from the Town. Therefore, retrieval should not be as difficult as stated by the Town.

Furthermore, the plaintiffs never requested that the defendants cull page by page each application, permit, and item of related correspondence. Nor does the request require the defendants to cull the documents to identify each document by class or category. Instead, the request merely calls for the permit and renewal related paperwork for all Fire Prevention Permits issued or renewed for industrial or commercial users in the two relevant years. In addition, the request was limited to a two year period, and as the defendants themselves pointed out in the October 16, 2002 letter, most of the permits and renewals during the two year time period were for industrial and commercial sites. Therefore, the Court finds that the defendants have not established good cause to justify a protective order. The Court also finds that compliance with Judge Boyle's order will not be unduly burdensome. Accordingly, the Town's motion to set aside the October 21, 2002 order and its motion for protective order are denied.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the defendants' motion to set aside Judge Boyle's October 2, 2002 order is **DENIED;** and it is further

**ORDERED,** that the Town's motion to set aside Judge Boyle's October 21, 2002 order is **DENIED;** and it is further

**ORDERED,** that the Town's motion for a protective order is **DENIED;** and it is further

**ORDERED,** that the attorneys are directed to appear for a status conference on April 30, 2003, at the United States District Court, Long Island Federal Courthouse, 1024 Fed-

eral Plaza, Central Islip, New York 11722, in Room 1024.

**SO ORDERED.**