George ROFAIL, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV–04–2502(CBA)(JMA).

United States District Court, E.D. New York.

Feb. 1, 2005.

Paul T. Hofmann, Esq., Cappiello, Hofmann & Katz, New York City, for Plaintiff.

John J. Walsh, Esq., Freehill Hogan & Mahar LLP, New York City, for Defendant.

### MEMORANDUM AND ORDER

AZRACK, United States Magistrate Judge.

Defendant United States of America moves pursuant to Rule 26(c)(2) of the Federal Rules of Civil Procedure for a protective order barring disclosure of certain materials until after plaintiff George Rofail has been deposed. For the reasons below, the motion is denied.

### BACKGROUND

This is a personal injury case brought under the Jones Act. *See* 46 U.S.C.App. § 688 (2004). Ship personnel took plaintiff's statement soon after plaintiff's accident aboard the USNS Denebola on January 15, 2003. Ship personnel also took statements from other crew members and prepared an accident report. Plaintiff requests that all the statements and the report be produced before his deposition. Defendant brings the present motion.

### DISCUSSION

■ It is within my discretion to time document production. *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir.1992) ("A trial court enjoys wide discretion in its handling of pre-trial discovery"). "District courts are given reasonable latitude and discretion to establish a priority or to fashion an appropriate sequence of the discovery to be performed in each case." *Baker v. Orleans County*, 96–CV–0503, 1997 WL 436703, *1, 1997 U.S. Dist. LEXIS 11198, *3 (W.D.N.Y. July 21, 1997); *see also* Fed. R.Civ.P. 26(d) ("Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery").

■ The court's discretion is in some respects required given the liberality of the discovery rules. *Hasbrouck v. BankAmerica Housing Services*, 187 F.R.D. 453, 455 (N.D.N.Y.1999) (Hurd, M.J.), *citing Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). Parties are protected from abuse in the liberal discovery system by Rule 26(c) of the Federal Rules of Civil Procedure. *See AMW Materials Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 72 (E.D.N.Y.2003) ("While the Federal Rules mandate a liberal standard, district courts are empowered to issue protective orders to temper the scope of discovery under [Rule 26(c) ]"); *Seattle Times Co.*, 467 U.S. at 34, 104 S.Ct. 2199 ("Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c)").

■ Rule 26(c) provides that for good cause shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed.R.Civ.P. 26(c). Under Rule 26(c), the court can order a stay of discovery or provide other protections to the moving party, including ordering discovery take place in a particular sequence. *Id.; Hasbrouck*, 187 F.R.D. at 455. "To show good cause, particular and specific facts must be established rather than conclusory assertions." *AMW Materials*, 215 F.R.D. at 72, *citing Hasbrouck*, 187

F.R.D. at 455.[1] "[I]f the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Hasbrouck,* 187 F.R.D. at 455 (citations omitted); *see also Dove v. Atlantic Capital Corp.,* 963 F.2d 15, 19 (2d Cir.1992) ("The grant and nature of protection is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.... This standard applies where the requested order has been denied as well as when it has been granted") (citations and internal quotation marks omitted).

### A. *Plaintiff's Statement*

██ Under Rule 26(b)(3), a party may obtain discovery of materials prepared for litigation by its adversary if the party makes the proper showing. The party must show that it is unable to obtain the substantial equivalent of the materials without undue hardship. Fed.R.Civ.P. 26(b)(3). An exception to this rule is that "[a] party may obtain without the required showing a statement concerning the action or its subject matter previously made by the party." *Id.* In other words, a party is "entitled as a matter of right" to obtain a copy of the statement it made, "merely upon request and without any showing of any kind." *Vinet v. F & L Marine Mgmt., Inc.,* No. 04–594, 2004 U.S. Dist. LEXIS 26356, *3 (E.D.La. Apr. 29, 2004) ("The rule is absolutely clear and unambiguous and contains no exceptions").

The 1970 Advisory Committee Notes to Rule 26(b)(3), in a discussion of the statement exception, recognized that a party giving a statement to its adversary-usually before commencement of litigation-was likely unrepresented and at a disadvantage. The rules thus require parties in possession of statements to turn them over before trial so that the party making them can explain discrepancies which may exist between the original statement and the party's contention at trial. This is designed to ensure that any such discrepancies, which might have been the result of memory lapse or inaccuracy, are not given prominence they do not deserve. *See* Fed.R.Civ.P. advisory committee notes 153.

The advisory committee notes also state that "[i]n appropriate cases the court may order a party to be deposed before his statement is produced." *Id.* The notes cite two cases where courts found it appropriate to delay production. The two cases do not have anything in common which show what made this action "appropriate" other than that in each case the party in possession of the statement asked the court for an order delaying production. *See Smith v. Central Linen Serv. Co.,* 39 F.R.D. 15 (D.Md.1966) (allowing deposition be taken before production of the statement, but requiring production at the conclusion of the deposition); *McCoy v. Gen. Motors Corp.,* 33 F.R.D. 354 (W.D.Pa.1963) (same).

A review of the case law suggests it is common practice for defendants to request, and for courts to grant, stays of production of the statements of parties (and of other investigative materials) until after the party has been deposed. *See, e.g., Mills v. Energy Transp. Corp.,* No. 96 Civ. 4828, 1996 WL 735556, **1–2, 1996 U.S. Dist. LEXIS 18889, *2–*3 (S.D.N.Y. Dec. 20, 1996) ("Courts have repeatedly held, that in there [sic] circumstances, it is within the Court's discretion to stay document production and interrogatory answers in order to ensure that a defendant gets plaintiff's unrefreshed testimony"); *Weinhold v. Witte Heavy Lift, Inc.,* No. 90 Civ.2096, 1994 WL 132392, *, 1994 U.S. Dist. LEXIS 4559, *2–*3 (S.D.N.Y. Apr. 11, 1994). But none of the number of cases which follow those cited in the advisory committee notes discuss what makes it appropriate to with-

---

1. There is some uncertainty, at least in the Southern District of New York, about what is necessary to establish good cause for a protective order. *See Condit v. Dunne,* 225 F.R.D. 113, 116–17 (S.D.N.Y.2004) (finding it "challenging to harmonize the case law in this area" because some Southern District courts require the mov-ant to cite "specific examples or articulated reasoning" in support of an order of protection, while others have held that "specific examples are not necessary" and the movant "need only allege sufficient good cause") (citations and internal quotation marks omitted).

hold statements until after a deposition.[2] *See, e.g., Bryant v. City of New York,* No. 99 Civ. 11237, 2001 WL 476986, *1, 2001 U.S. Dist. LEXIS 5745, *3 (S.D.N.Y. May 7, 2001) (Eaton, M.J.); *Mills v. Energy Transp. Corp.,* No. 96 Civ. 4828, 1996 WL 735556, *1, 1996 U.S. Dist. LEXIS 18889, *2-*4 (S.D.N.Y. Dec. 20, 1996) (Pitman, M.J.); *Hendrick v. Avis Rent A Car Sys., Inc.,* 916 F.Supp. 256, 260 (S.D.N.Y.1996) (Feldman, M.J.). The party in possession of the statement usually complains of the likelihood that the party which made it will tailor its deposition testimony to the statement. *See e.g., Poppo v. Aon Risk Servs.,* No. 00 Civ. 4165, 2000 WL 1800746, **1-2, 2000 U.S. Dist. LEXIS 17588, *2-*3 (S.D.N.Y. Dec. 6, 2000) (withholding videotaped statements until after deposition); *Palisi v. Jewelewicz,* No. 96 Civ. 9756, 1997 WL 282218, *1, 1997 U.S. Dist. LEXIS 7369, *2-*3 (S.D.N.Y. May, 27 1997) (withholding taped conversations until after the deposition); *Daniels v. Nat'l R.R. Passenger Corp.,* 110 F.R.D. 160, 161 (S.D.N.Y.1986) (withholding surveillance video until after deposition). In short, delaying production of the statement, according to these cases, is warranted when the party in possession of the statement asks the court for an order timing disclosure. *Torres–Paulett v. Tradition Mariner, Inc.,* 157 F.R.D. 487, 488 (S.D.Ca.1994) (Papas, M.J.), *citing Parla v. Matson Navigation Co.,* 28 F.R.D. 348, 349 (S.D.N.Y.1961); *Mills,* 1996 WL 735556, *2, 1996 U.S. Dist. LEXIS 18889, at *3 ("Notwithstanding a party's absolute right to copies of his own statement, Courts have even stayed production of a plaintiff's own

statement until after the plaintiff's deposition").

The Rule 26(c) cases cited above require good cause be shown before a court issues a protective order staying production of materials. These good cause cases usually involve a litigant's concern that private information obtained in discovery will become public. *See, e.g., Hasbrouck,* 187 F.R.D. at 454 (seeking protection from disclosure of terms of a settlement between one party and a non-party). The Rule 26(b)(3) advisory committee notes cases, on the other hand, permit a court in "appropriate" situations to stay production of a party's statement until after the party's deposition. *See, e.g., Mills,* 1996 WL 735556, *1, 1996 U.S. Dist. LEXIS 18889, at *1. These statement after deposition cases arise in Jones Act or other contexts. *Id.* A number of cases, as above, grant a stay until after the deposition. Some courts, however, deny the motion of the party seeking the protective order, *see, e.g., Hogan v. DC Comics,* 96–CV–1749, 1997 WL 570871, **7–8, 1997 U.S. Dist. LEXIS 13799, *21-*22 (N.D.N.Y. Sept. 9, 1997) (Hurd, M.J.) (requiring production of the statement before deposition), or come out in between. *See Brannan v. Great Lakes Dredge & Dock Co.,* 96 Civ. 4142, 1998 WL 229521, *1, 1998 U.S. Dist. LEXIS 6383, *3 (S.D.N.Y. May 7, 1998) (allowing disclosure of surveillance tapes to wait until after deposition except where party in possession intends to use the tape for substantive, rather than impeachment, purposes). That varying outcomes exist is unsurprising, given a district court's discretion

---

2. The cases cited in the advisory committee notes were decided when the federal rules were different than they are now. *See Smith,* 39 F.R.D. 15 (decided in 1966); *McCoy,* 33 F.R.D. 354 (decided in 1963). The court in *McCoy,* for example, had to determine whether the plaintiff attempting to access his statement had established good cause for obtaining it *at all* before trial. *See McCoy,* 33 F.R.D. at 355 ("Defendant refuses to give plaintiff's counsel a copy of the statement prior to the deposition [contending] good cause has not been shown to warrant the production"). The court found that the plaintiff had established good cause to obtain his statement, given that the statement had been taken from him soon after the accident, was written by the defendant's representative, i.e., plaintiff's interviewer, and not signed by the plaintiff. *Id.*

*Smith* was also decided when good cause was required before a party could obtain any document discovery. *See Smith,* 39 F.R.D. at 16 ( [then] "Rule 34 requires that good cause be shown for the inspection and copying of documents"). *Smith* recognized that courts and commentators had been advocating allowing parties to obtain their own statements notwithstanding the good cause requirement. *Id.* at 17 (citing cases refusing parties access to their statements before trial but noting that "[o]n the other hand, text writers, commentators, and other decided cases support the view that a party should be able to secure his own statement as a matter of right") (citations omitted). In today's discovery system, the party *resisting* discovery has to show good cause why it should not have to produce documents. *See* Fed.R.Civ.P. 26(c).

in controlling discovery. *Cruden,* 957 F.2d at 972.

■ Stays of production of a party's statement under Rule 26(b)(3) must be granted or denied pursuant to a litigant's motion for a protective order under Rule 26(c). Requests for stays of production of party's statements, viewed in the Rule 26(c) context, are thus a category of limited protective orders. Both Rule 26(b)(3) and 26(c) operate within the system described in Rule 26(d): "Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery." Fed.R.Civ.P. 26(d); *see also* Fed.R.Civ.P. 26(b)(1) (allowing discovery of any relevant non-privileged matter, with appropriate limits). Courts which routinely allow stays of production of party statements until after deposition are ignoring both the Rule 26(c) requirement that a litigant demonstrate good cause for the stay and the general rule that discovery by one party does not interrupt discovery of the other.

The movant in this case, defendant United States, does not dispute that Rule 26(c) controls. *See* Defendant's Letter Motion of December 22, 2004 ("we are moving for a protective order pursuant to Fed.R.Civ.P. 26(c)(2)"). But despite moving under Rule 26(c), defendant does not attempt to establish good cause, by specific facts or articulated reasoning, to justify the grant of a protective order. Defendant simply notes that courts permit stays of production of party statements until after the party's deposition. It says that there is a danger that plaintiff may tailor his testimony to the statement. No case describes the possibility that a plaintiff might tailor testimony to a prior statement as good cause pursuant to a Rule 26(c) analysis. Furthermore,

[defendant's contentions] are merely conclusory allegations, unsupported by any particular and specific demonstration of fact. Civil discovery is not a game of ambush. A clear requirement in the rules, as in Rule 26(b)(3), may not be evaded by such unsubstantiated surmise. To conclude that a witness would lie because his accidents were unwitnessed or would testify truthfully only because of the threat that his prior statements might contradict him is simply stereotyping, as is the assumption that his post-accident statements are the only "true" versions of the facts.

*Vinet v. F & L Marine Mgmt.,* 2004 U.S. Dist. LEXIS 26356, at *7–*8.[3]

---

**3.** The commentators on federal practice agree:

> It is not a sufficient answer to say that a truthful person will tell his or her attorney the same things he or she told the adversary. Even the most honest person may well forget particular details with the passage of time. Frequently, too, the statement in question will not be a verbatim account of what the party has said, but will represent a summary, prepared by the opponent and signed by the party, of his version of the events in question. In such a process, inaccuracies or differences in emphasis are not unknown.

8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2027 at 410 (West 1994). The court in *Vinet* also quotes Wright & Miller's collection of court comments:

> [S]ee the comments of an experienced federal judge, Guy Bard, in answer to the contention that the only result of giving the party a copy of his own statement will be that he will change his story, and thus remove one of the safeguards of cross-examination: "I think while there is some danger that unscrupulous people may conform their proof, the benefits gained far overshadow that danger. When we

say that they conform the proof, there seems to be an assumption by most of the bar that any statement made or taken down immediately after the accident occurs, is of course, a true statement. I am a great admirer of the Federal Bureau of Investigation. When those special agents take down any statement from any witness or party, and give a report in court, I generally find it to be correct. I am sorry I cannot say the same for the claim agents of certain corporations." The Practical Operation of Federal Discovery, 12 F.R.D. 131, 156–157 (1951).

Judge Lay has written: "Whether the problem be one of fault in communication to a good faith interrogator or culpable strategy of the examiner, is immaterial. The fact remains, most ex parte statements reflect the subjective interest and attitude of the examiner as well." *Goings v. U.S.,* [377 F.2d 753, 762 n. 13 (8 th Cir.1967)].

Judge Nordbye has said: "The Court is not so naive as to assume that there are no accident investigations by claim agents where the latter in taking a statement from an injured person does not tend to favor defendant's version of

Defendant insists that "[i]n a personal injury case, a defendant is entitled to obtain plaintiff's unrefreshed testimony as to how the accident occurred." Defendant's Motion for Protective Order, at 3. In support of this, defendant cites *Mills*, 1996 WL 735556, *2, 1996 U.S. Dist. LEXIS 18889, at *5, which in turn cited *General Houses, Inc. v. Marloch Mfg. Corp.*, 239 F.2d 510, 514 (2d Cir.1956). *Mills* "curtailed [discovery of the party's statement] out of concern for possible wrongdoing," having held that "it is within the Court's discretion to stay document production and interrogatory answers in order to ensure that a defendant gets plaintiff's unrefreshed testimony." *Mills*, 1996 WL 735556, **1–2, 1996 U.S. Dist. LEXIS 18889, at *5, *2–*3. Even if this language can be construed to mean that a party is entitled to obtain the other party's unrefreshed testimony, the cases *Mills* itself relied on do not support such a proposition. The only mention in *General Houses* of a dispute about the timing of discovery are these two sentences finding an issue on appeal to be without merit:

> In its motion to quash, General Houses also asked that its interrogatories be answered before the deposition. The order of examination is at the discretion of the trial judge and we can not say there was an abuse of discretion here.

*General Houses*, 239 F.2d at 514. These sentences do not at all support an entitlement to unrefreshed testimony of one's adversary.

*Mills* relied also on *Meisch v. Fifth Transoceanic Shipping Co.*, 94 Civ. 0683, 1994 WL 582960, 1994 U.S. Dist. LEXIS 14995 (S.D.N.Y. Oct. 21, 1994). *Meisch*, however, is a case that states that a district court has the discretion to order the sequence of discovery, and, like *General Houses*, says nothing about any entitlement to unrefreshed testimony. *Meisch*, 1994 WL 582960, *1, 1994 U.S. Dist. LEXIS 14995, at *1–*2 (recognizing that the court, under Rule 26(d) can order discovery upon motion). The court in *Meisch* labels plaintiff's "insistence" on "receipt of certain discovery materials" before the deposition as "unjustified", but does not state what those materials are. *Id.* at 1994 WL 582960, *1, 1994 U.S. Dist. LEXIS 14995, *2. Giving this language the strongest meaning it could have still does not provide support for defendant's position.

■ If courts routinely grant stays because parties cite the possibility of tailoring in a request for a stay, making the request creates good cause.[4] This procedure then becomes the norm of litigation. This is a change in the rules to which I will not contribute.[5] The rules of discovery in the federal system are premised on the principle that parties be forthcoming with relevant information in their possession. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) ("Modern instruments of discovery serve a useful purpose . . . . They together with pretrial procedures make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent"). Open discovery is the norm. Gamesmanship with information is discouraged and surprises are abhorred. Adherence to these principles assists the trier of fact and serves efficiency in the adjudication of disputes. Allowing litigants to obtain a court-sanctioned advantage solely because they asked for it runs counter to these principles.

---

the accident rather than the plaintiff's." *Hudalla v. Chicago*, [10 F.R.D. 363, 365 (D.C.Minn.1950)].

8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus , § 2027 at pp. 410–11 n. 10; *quoted* in *Vinet*, 2004 U.S. Dist. LEXIS 26356, at *7–*8.

**4.** *Smith* provides the proposition that asking for a protective order staying production of the statement until after the deposition is enough to obtain one. 39 F.R.D. at 18 ("This Court thus rules that the mere fact that a party gave a statement to his adversary is good cause for him

to be allowed to examine and copy it, but the adverse party is entitled to a protective order, *if he wishes it,* permitting him, before making the statement available, to take the deposition of the party who gave the statement") (emphasis mine). As I have discussed in the margin, *Smith* was decided when the notion of expansive discovery in the federal rules was in its infancy.

**5.** Taking this result to its logical conclusion, it is then arguably negligent for an attorney defending a client which has taken a statement to fail to ask for the stay of production.

I recognize that the appropriate case may exist where a stay is warranted. The appropriate case may be where the party in possession of a statement demonstrates good cause for a protective order under Rule 26(c)(2) staying production of a the statement until after the party's deposition. If a balance of the interests favors the party in possession of the statement, the court can exercise discretion to grant the order. But a mere conclusory statement that a party might tailor its testimony to the statement does not establish good cause. This is because the party making the statement has an absolute right to it, and because no discovery of a party, deposition or otherwise, should operate to delay another party's discovery. To the extent the advisory committee notes say that a court may stay production of the statement in appropriate cases until after the deposition, the notes are not helpful in identifying appropriate cases (or establishing good cause), and I follow instead the clear wording of Rule 26(b)(3), which entitles a party to its statement without exception.

Defendant has not established good cause for a protective order. Accordingly, I do not attempt to balance the countervailing interests.[6] *See Parla*, 28 F.R.D. at 349 (courts can balance "defendant's interest in determining the extent of plaintiff's present unrefreshed recollection [against] plaintiff's interest in examining post-accident disclosures prior to trial so that he may honestly explain any inaccuracies or errors in his present or past account of the accident"). Defendant's motion for a stay of production of plaintiff's statement is denied. Plaintiff shall have his statement before he is deposed.

### B. *Statements of Witnesses and Accident Report*

The other investigative materials for which the United States requests delay are the statements of other witnesses and an accident report prepared by defendant. Defendant is willing to turn over these items, but would like to wait until after the deposition. The rationale for the delay is the same as that for delaying production of the party's statement: plaintiff may tailor his deposition to conform to the investigative materials.

A party can apply for a Rule 26(c) protective order for these other investigative materials. It has to make the same showing of good cause discussed above. *See* Fed. R.Civ.P. 26(c); *AMW Materials*, 215 F.R.D. at 72.[7] Defendant has not established good cause, as again, conclusory allegations that plaintiff may tailor his deposition testimony to the materials simply does not establish good cause for a protective order.

Defendant argues that "plaintiff can point to no rationale as to why he needs to refresh his recollection with statements of other witnesses" and surmises that the "only possible rationale for attempting to use these state-

---

6. If I was to balance the interests, I would still find for plaintiff. *See Parla*, 28 F.R.D. at 349 ("[t]here is always the danger that pre-trial inspection will afford an opportunity to tailor testimony in accordance with the prior explanation. On the other hand, where a statement is taken at or about the time of the accident, while the plaintiff is hospitalized, and long before the institution of suit, there is the danger that defendant may have unfairly extracted damaging admissions"). *Parla* balanced the interests by a granting stay of production of the statement until after the deposition. *Id.*

Like *Smith* and *McCoy*, which were cited in the 1970 advisory committee notes as examples of courts finding it appropriate to stay production of a statement, *Parla* was decided under a different set of federal rules. I have considered the changes in discovery nature and practice over the last forty years, and I recognize that any discrepancies between statements could be the result of an honest mistake or a difference in emphasis or wording between sophisticated interviewer and unsophisticated, injured interviewee. I note as well that defendant will still have plaintiff's deposition testimony for use in impeaching plaintiff's trial testimony. Balancing the possibility that plaintiff would tailor his testimony against the certainty that he is operating from a disadvantage, having given a statement to his employer the day of the accident, I would consider plaintiff's entitlement to his statement to outweigh defendant's interest in obtaining unrefreshed deposition testimony.

7. I note that New York state has an absolute rule that surveillance videotapes must be turned over, and state trial judges do not have discretion to stay production until after the party's deposition. *Tran v. New Rochelle Hospital Medical Ctr.*, 99 N.Y.2d 383, 389, 756 N.Y.S.2d 509, 786 N.E.2d 444 (N.Y.2003) (requiring full disclosure of surveillance videotapes as required by statute notwithstanding the "prospect of tailored testimony").

ments is to attempt to conform his testimony to the other statements." The rationale for disclosure of the witness statements and accident report, of course, is that it is required by the rules, except to the extent that the materials may contain work product. Plaintiff has a stronger argument that his statement must be immediately turned over, because of his absolute right to the statement. Defendant's complaint that plaintiff will tailor testimony to the investigative materials, however, is more far fetched. Even though plaintiff has no absolute right to the witness statements, it is only stereotyping-not to mention a logical stretch-to conclude that he will tailor his testimony to the statements made by other crew members and the accident report. As for information in the investigative materials that plaintiff does not have direct knowledge of, and therefore will likely not testify to at his deposition or at the trial, there is very little chance of tailoring testimony to the investigative items. Providing this information simply does what the federal rules require, that is, avoid gamesmanship with information both parties ought to see. The request for delay of the investigative materials is also denied.

## CONCLUSION

I have no basis to conclude that plaintiff will tailor his testimony to his own prior statement or the investigative materials withheld by defendant. Defendant's motion to stay production of plaintiff's statement and the other investigative materials is DENIED. Defendant is ORDERED to produce plaintiff's statement and the other investigative materials before plaintiff's deposition. If defendant plans on arguing that any portion of the witness statements or accident report is protected by a qualified immunity under Rule 26(b)(3), it is directed to so inform the court.

Any objections to this Order must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Order. Failure to file objections within the specified time waives the right to assign as error a defect in the Order. *See* 28

U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72, 6(a), 6(e).

SO ORDERED.