**Jo Ellen JEROLIMO, Plaintiff,**

v.

**PHYSICIANS FOR WOMEN, P.C.; Physicians for Womens Health, LLC; Women's Health Connecticut, Inc; Women's Health USA, Inc.; Kimberly Aquino; Becky Everhart; and Richard S. Ruben, M.D., Defendants.**

**No. 3:05CV1777(CFD)(TPS).**

United States District Court,
D. Connecticut.

Nov. 7, 2006.

Peter Burgoyne Prestley, Todd D. Steigman, Madsen, Prestley & Parenteau, LLC, Hartford, CT, Jacques J. Parenteau, Madsen, Prestley & Parenteau, New London, CT, for Plaintiff.

Tasos C. Paindiris, Jackson Lewis, Hartford, CT, for Defendants.

### RULING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

SMITH, United States Magistrate Judge.

### I. SUMMARY OF FACTS

This case concerns allegations of violations of the Family Medical Leave Act (hereinafter "FMLA") and the publishing of defamatory statements while the plaintiff was employed as a licensed practical nurse with the defendants. During the course of her employment, the plaintiff requested FMLA leave on multiple occasions in order to care for her son's serious health condition. On May 19, 2005, the plaintiff attended a meeting with

two of the defendants in which she was allegedly informed that she could either resign or have her employment terminated. Plaintiff surreptitiously tape-recorded this meeting, and she contends that recorded statements made by Defendants Aquino and Everhart during the meeting support her claims that defendants terminated her employment in violation of the FMLA, and made defamatory statements in order to effectuate her discharge.

The plaintiff concedes that the tape recording and corresponding transcript are discoverable under Fed.R.Civ.P. 26(b)(3). However, the plaintiff seeks a protective order under Fed.R.Civ.P. 26(c) permitting her to delay the disclosure of the recording and transcript until after the individuals whose statements were recorded, Defendants Aquino and Everhart, have been deposed. The plaintiff argues that if the defendants have an opportunity to review the tape before they are deposed, they would be able to tailor their deposition testimony to conform with their recorded statements, thereby preventing the plaintiff from obtaining their unrefreshed recollections and nullifying the impeachment value of the recorded statements.

## II. STANDARD OF REVIEW

A court is given broad discretion regarding whether to issue a protective order under Rule 26(c). *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir.1992)(grant and nature of protection is singularly within the district court's discretion); *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir.1992)(order regarding sequence of discovery at discretion of trial judge). However, a court may issue a protective order only after the moving party demonstrates that good cause exists for the protection of the material. *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir.1987). To establish good cause under Rule 26(c), courts require a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Havens v. Metro. Life Ins. Co. (In re Akron Beacon Journal)*, No. 94 Civ. 1402, 1995 WL 234710, at *10, 1995 U.S. Dist. LEXIS 5183, at *10 (S.D.N.Y. April 20, 1995)(quoting *Cipollone v.*

*Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986)) If the moving party establishes good cause for protection, "the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Rofail v. U.S.A.*, 227 F.R.D. 53, 55 (E.D.N.Y.2005) citing *Hasbrouck v. BankAmerica Housing Services*, 187 F.R.D. 453, 455 (N.D.N.Y.1999).

## III. DISCUSSION

Courts in the Second Circuit are split as to how to regulate the discovery of audio tapes. *Perkins v. Memorial Sloan–Kettering Cancer Center*, 2003 WL 1831246, 2003 U.S. Dist. LEXIS 5500 (S.D.N.Y.2003). Some courts have allowed a party to delay production until after the deposition of the person or persons whose statements were recorded, under the theory that pre-deposition disclosure may afford the witness an opportunity to tailor deposition testimony to conform with a previous statement. See, e.g. *Poppo v. AON Risk Services, Inc.*, 2000 WL 1800746, 2000 U.S. Dist. LEXIS 17588 (S.D.N.Y. Dec. 6, 2000); *Hendrick v. Avis Rent A Car System, Inc.*, 916 F.Supp. 256 (W.D.N.Y.1996). Other courts treat such tapes the same as any other item of discovery, and order production before depositions as a matter of fairness and judicial expediency. See, e.g. *Costa v. AFGO Mechanical Services, Inc.*, 237 F.R.D. 21 (E.D.N.Y.2006); *Rofail*, 227 F.R.D. at 53.

As the moving party on this motion, the plaintiff has the burden of demonstrating good cause for the issuance of the protective order delaying discovery of the tape recording and corresponding transcript. See *Mitchell v. Fishbein*, 227 F.R.D. 239, 244–45 (S.D.N.Y.2005). While the Court understands the rationale behind the decisions cited in Plaintiff's Memorandum of Law, the Court concurs with the reasoning in *Rofail*, 227 F.R.D. at 57, 59, and *Costa*, 237 F.R.D. at 24, 26, that plaintiff's mere conclusory statement, unsupported by any particular and specific demonstration of fact, that a party might tailor its testimony to conform with previously recorded statements does not rise to the level of good cause. In the absence of a specific showing of good cause,

"there is no reason to assume automatically that the party whose statements have been recorded will have a propensity to fabricate evidence or lie during the course of his or her testimony." *Costa*, 237 F.R.D. at 24. There is no basis for treating the recorded statements any differently than prior written documents or other records which would be discoverable as of right under Rule 26(b)(3). As such, the plaintiff has failed to meet the burden of showing good cause for the delay in production.

■ In addition, the need for judicial expediency and the fundamental purpose of discovery militate against a finding of good cause for the delay. Under Rule 26(c), "[o]pen discovery is the norm. Gamesmanship with information is discouraged and surprises are abhorred. Adherence to these principles assists the trier of fact and serves efficiency in the adjudication of disputes." *Rofail* 227 F.R.D. at 58. Moreover, "[m]odern instruments of discovery ... [and] pretrial procedures make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Id.* citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). The Court believes that the timely disclosure of the tape recording and corresponding transcript action best serves the need for preserving judicial resources and moving this case towards a final resolution in an expeditious manner.

The Court notes that even had the plaintiff shown good cause for the delay in discovery, a balancing of the countervailing interests of the defendants may nevertheless have tipped the scales back in favor of the defendants. As the court said in *Costa*, "because plaintiff recorded her conversations with the defendants without their knowledge, there is a heightened justification for producing the tape recordings to the defendants in advance of their depositions." *Costa*, 237 F.R.D. at 26. A party whose conversation was secretly recorded "should not be subjected to a deposition, the partial purpose of which is simply to create inconsistencies or otherwise set up impeachment in [the defendants'] testimony, without [the defendant] having had a chance to review the tapes—the same opportunity that [plaintiff] had prior to her deposition." *Id.* at 25 citing *Roberts v. Americable Int'l, Inc.*, 883 F.Supp. 499, 505 (E.D.Cal.1995).

■ Finally, the disclosure of the tape recording and corresponding transcript is made even more necessary by the likelihood that they will be used as substantive evidence, rather than merely impeachment evidence. The Court concurs with the holding in *Pro Billiards Tour Ass'n, Inc. v. R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229, 231 (M.D.N.C. 1999) that, to the extent the substantive value of the recorded evidence outweighs its impeachment value, a court should not delay its production pending the taking of a deposition. The plaintiff's Memorandum of Law in Support of the Motion for a Protective Order indicates her contention that statements made by Defendants Aquino and Everhart during the recorded meeting "support her claims that Defendants terminated her employment in violation of FMLA, and made defamatory statements in order to effectuate her discharge." (Dkt. # 22–2 at p. 3). The alleged substantive value of the tape recording and transcript further necessitates their immediate disclosure.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Protective Order is **DENIED**.

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R.Civ.P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. *See* 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**