**SHERRELL PERFUMES, INC., Plaintiff,**

v.

**REVLON, INC., et al., Defendants.**

**No. 76 Civ. 4572(JMC).**

United States District Court,
S. D. New York.

Dec. 12, 1977.

Bass, Ullman & Lustigman, New York City, for counterclaim defendant Murray Poznak.

Shearman & Sterling, New York City, for defendant Guerlain, Inc.

Wormser, Kiely, Allessandroni & McCann, New York City, for defendant Donald Stillman.

Rogers & Wells, New York City, for defendant Triangle Publications, Inc.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendants Estee Lauder, Inc., John Malcolm, Joseph X. Spellman.

Burns, Jackson, Miller, Summit & Jacoby, New York City, for defendants Pablo Medina, Fragrance Foundation, Annette Green.

White & Case, New York City, for defendants Chesebrough-Pond Inc., W. Edward Sanford.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants Revlon, Inc. and John Revson.

Fulton, Duncombe & Rowe, New York City, for defendants International Flavors & Fragrances, Inc. and Robert L. Stickney.

Sabin, Bermant & Blau, New York City, for defendant The Conde Nast Publications, Inc.

Lipton, Wasserstrom & Degroot, New York City, for defendant Hearst Corp.

Weiss, Dawid, Fross & Lehrman and Olvany, Eisner & Donnelly, New York City, for defendants Chanel, Inc. and Mack Lewis.

Satterlee & Stephens, New York City, for defendants Firmenich, Inc. and Fairchild Publications.

Arthur A. Munisteri, New York City, for Leonard Stoller.

Crummy, Del Deo, Dolan & Purcell, Newark, N. J., for defendants Alvin Lindsay, Roure Bertrand Dupont, Inc.

Donovan, Leisure, Newton & Irvine, New York City, for defendant Jacqueline Cochran, Inc.

Graubard, Moskovitz, McGoldrick, Dannett & Horowitz, New York City, for defendant Givaudan Corp.

## MEMORANDUM DECISION

CANNELLA, District Judge:

On appeal, the Order of United States Magistrate Leonard Bernikow, dated August 18, 1977, is affirmed.

■ Defendants' motion for de novo review of this Order, is denied.[1]

At a pretrial conference on July 5, 1977, plaintiff's discovery motion for a protective order, postponing the production of certain tape recordings, was referred to Magistrate Leonard Bernikow. On August 18, 1977, plaintiff's motion for a protective order was granted, directing that the production of the tape recordings be postponed until after the depositions of certain witnesses are taken. The instant motions request reversal of this Order.

■ In this action plaintiff alleges, *inter alia,* that defendants conspired to restrain trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.[2] Several defendants have counterclaimed against plaintiff.

In June and July of 1975, plaintiff surreptitiously tape-recorded a series of personal telephone conversations with defendants or individuals associated with defendants. Seven of these tapes constitute the subject matter of the motions. The statements of Murray Poznak, plaintiff's principal, are also contained in the tapes. The tapes were requested by defendants on April 14, 1977.

The protective order directs that the production of these tape recordings be postponed pending defendants' initial deposition of Poznak and the depositions of the various individuals whose conversations were recorded.

■ The Court would reconsider the protective order were it shown that the "order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Additionally, the grant of a protective order under Fed.R. Civ.P. 26(c) "may be reversed only on a clear showing of abuse of discretion." *Galella v. Onassis,* 487 F.2d 986, 997 (2d Cir. 1973).

■ The Magistrate decided that the interest of plaintiff in determining the present unrefreshed recollection of the persons whose statements are in issue outweighs any prejudice to defendants. In the Court's view, this decision is neither clearly erroneous nor contrary to law, and does not constitute an abuse of discretion. *See Parla v. Matson Navigation Co.,* 28 F.R.D. 348, 349 (S.D.N.Y.1961).

Defendants point to the unfairness of allowing Poznak and his counsel to have the tapes for both Poznak's deposition and the depositions of other parties to the taped conversations, while denying such access to the defendants. It is conceded, however, that defendants will have the right to depose plaintiff again after defendants obtain access to the tapes. The argument that such procedure would result in substantial delay is not sufficient to warrant reversal of the Order below.

For the foregoing reasons, the Order of Magistrate Bernikow, dated August 18, 1977, is affirmed. The Court directs that the depositions of Poznak and those persons whose statements are contained in the tapes be completed by February 14, 1978. Immediately following the taking of each deposition, the tape recording of the specific individual deposed is to be produced to all parties. In any event, it is ordered that all tapes be produced no later than February 14, 1978.

SO ORDERED.

1. Certain defendants claim they cannot determine whether the Court's Order of referral to the Magistrate was "to hear and determine" or "to report and recommend." *Compare* 28 U.S.C. § 636(b)(1)(A) *with* 28 U.S.C. § 636(b)(1)(B). In this regard, the Court's Calendar Notice, published in the New York Law Journal, states in part:

   In cases assigned to a magistrate, either for pre-trial purposes generally or by specific referral, all discovery motions are to be made returnable to the magistrate for decision pursuant to 28 U.S.C. section 636(b)(1)(A).

The referenced section contemplates that the decision of the magistrate shall be final unless "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

2. Certain defendants claim to be prejudiced by the Magistrate's description of the plaintiff. Since such preliminary factfinding will bind no one at the trial on the merits, the objection borders on the frivolous. *See Ghazoul v. International Management Services, Inc.,* 398 F.Supp. 307, 309 (S.D.N.Y.1975).