Ugala SMITH, Plaintiff,

v.

WNA CARTHAGE, L.L.C., Defendant.

No. 9:00–CV–223.

United States District Court,
E.D. Texas,
Lufkin Division.

April 6, 2001.

Tim Garrigan, Stuckey Garrigan & Castetter, Nacogdoches, TX, for plaintiff.

Lacey Lynn Gourley, Bracewell & Patterson, Austin, TX, for defendant.

### MEMORANDUM

COBB, District Judge.

This is an employment discrimination (sex and race) case brought by Ugala Smith against her former employer, WNC Carthage, Inc. ("WNC"). WNC has filed a Motion to Compel production of several taped conversations between Smith and WNC personnel made prior to her obtaining counsel. Smith asserts that some of the tapes are protected by the work-product doctrine. Because Plaintiff vitiated any work-product protection when she secretly taped the conversations, Defendant's motion is GRANTED.

### I.  Facts

Anticipating that she would file a lawsuit alleging discrimination and workplace harassment, while she was still employed with WNA, Ugala Smith secretly recorded several conversations she had with WNA personnel.  The six tapes include (1) conversations she had with WNC's human resources personnel, (2) conversations she had with co-workers at and away from work, (3) conversations she had with witnesses to the alleged harassment and (4) narrative statements by Smith, destined apparently for counsel.  After notifying Defendant's attorneys that the tapes exist, Plaintiff's counsel now seeks to invoke work product protection for categories 2 and 3 and seeks to invoke attorney client privilege for category 4. Defendant seeks to compel the production of categories 1 through 3. Category 4 is not at issue.  WNC asserts that secret recordings are not entitled to work product protection. The Court agrees.

### II.  Analysis

Federal discovery practice is open. *See Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986) ("The Federal Rules of Civil Procedure ... instituted a system which relies on a liberal opportunity for discovery and other pretrial procedures to disclose more precisely the basis of both a claim and a defense and to define more narrowly the disputed facts and issues.").  The work-product doctrine is an exception to this openness.  Work-product is a creature of Rule 26(b)(3) of the Federal Rules of Civil Procedure. The party asserting such protection has the burden of establishing that the doctrine applies.  *See Hodges, Grant & Kaufmann v. U.S. Government*, 768 F.2d 719, 721 (5th Cir.1985).  Smith makes three arguments relevant to this inquiry.

First, Smith contends that Defendant's Motion to Compel is premature because her counsel has not had the chance to transcribe and review all the tapes.  This review, she contends, "has been delayed by the necessity of responding to Defendant's motion." (Pl.'s Resp. at 2.) Plaintiff's counsel has had possession of the tapes since January 11, 2001. Defendants filed their motion to compel on February 1 and, as of Defendant's February

reply to Plaintiff's response, the tapes still had not been turned over. Thus over thirty days transpired and Smith had produced no tapes. Moreover, in Plaintiff's Response to Defendant's Request for Production, Plaintiff *objected to all 46 requests using the same objection.* Plaintiff's counsel appears to have devoted little effort to discovery in this case. Any delay, therefore, is most likely due to Plaintiff's inattentiveness.

Plaintiff's counsel makes the related contention that because he has not had time to determine the contents of the tapes, they "may or may not constitute protected work product material created in anticipation of litigation." (Pl.'s Resp. at 4.) Because the burden of establishing work product protection is on the party seeking its protection, this declaration could end the Court's inquiry.

Finally, Plaintiff asserts that she is legally entitled to withhold the tapes. She correctly asserts that the federal rules generally protect from discovery materials created by a party, its agent or attorney, in anticipation of litigation. *See* Fed.R.Civ.P. 26(b)(3). WNC does not contest that Smith created the recordings in anticipation of litigation. Smith argues that the recordings are protected because none of the exceptions to the protection afforded trial preparation materials under Rule 26(b)(3) apply in this case. The Court disagrees.

■ The work product doctrine offers only qualified protection for documents and other tangible things prepared in anticipation of litigation. Although Smith's recordings appear to have been made in anticipation of litigation, they are not automatically exempt from discovery. Assuming that the protection applies, she suggests that such materials are discoverable only upon a showing of substantial need and undue hardship. *See* Fed. R.Civ.P. 26(b)(3). Were the tapes in question made with the consent of the taped witnesses, these exceptions would be relevant. Because they were made surreptitiously, however, the very applicability of the work product doctrine is at issue, and the Court need not decide whether WNC has met this exception.

■ Smith recognizes that because an attorney is ethically prohibited from making clandestine recordings, such recordings made with sufficient attorney involvement may be discoverable. *See Chapman & Cole v. Itel Container Intern. B.V.,* 865 F.2d 676, 686 (5th Cir.1989) ("[T]he clandestine taping of a telephone conversation implicitly waives the protection of the work product doctrine because it violates the American Bar Association's Model Rules of Professional Conduct."). She argues, however, that this exception is inapplicable because her attorney was not involved in making the recordings. The case law does not support Plaintiff's limitation on the rule. Virtually all cases dealing with this issue have held that clandestine recordings of conversations with potential fact witnesses, *whether made by a party or by counsel, before or after counsel is consulted,* are not shielded under the work product doctrine. *See Otto v. Box USA Group, Inc.,* 177 F.R.D. 698, 701 (N.D.Ga. 1997); *Sea–Roy Corp. v. Sunbelt Equipment & Rentals, Inc.,* 172 F.R.D. 179, 183 (M.D.N.C.1997); *Robertson v. National Railroad Passenger Corp.,.* No. Civ.A. 98–1397, 1999 WL 199093, *2 (E.D.La. Apr.8, 1999); *Pfeifer v. State Farm Ins. Co.,* No. Civ.A. 96–1895, 1997 WL 276085, *2 (E.D.La. May 22, 1997); *Giladi v. Albert Einstein College of Medicine,* No. 97 Civ. 9805(DC), 1998 WL 183874, *1 (S.D.N.Y. Apr. 15, 1998). *See also,* 6 James Wm. Moore et al., *Moore's Federal Practice* ¶ 26.70[2][d] (3d ed.1998) (discussing cases). Plaintiff's limitation on the rule for secret recordings is, therefore, rejected.

The reasons for this are simple. First, under the federal discovery rules, a statement of an employee is discoverable as a matter of right if the statement would be admissible against the employer corporation as a vicarious admission. *See* Fed.R.Civ.P. 26(b)(3). Under Rule 801(d)(2)(D) of the Federal Rules of Evidence, a statement is an admission of the employer if it was made "by his agent or servant concerning a matter within the scope of his agency or employment, [and] made during the existence of the relationship." *Pfeifer,* 1997 WL 276085, at *3. Because Plaintiff almost certainly seeks to attribute the statements made by WNC

employees to their employer, these statements are discoverable as a matter of right.

 Another, more basic, reason that surreptitiously taping conversations of unsuspecting co-workers removes any work product protection is that such a practice could produce an "unfairly prejudicial effect in that witnesses could be subjected to surprise introduction of tapes at trial or potential blackmail." *See Ward v. Maritz, Inc.* 156 F.R.D. 592, 594 (D.N.J.1994). This practice conflicts with a basic purpose of the work-product doctrine, which is to promote the "broader public interests in the observance of law and administration of justice." *See Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). "Among these public interests is to encourage the proper functioning of the adversary system." *Otto,* 177 F.R.D. at 701. Secretly taped interviews with witnesses are considered unethical, *see Chapman & Cole,* 865 F.2d at 686, and do damage to that system, regardless of whether the attorney or the client operates the tape recorder. *See Otto,* 177 F.R.D. at 701. Combining this disruption of the system with the inherent unfairness of allowing one party to use the tapes to further their case while preventing the other party from doing the same requires the Court's conclusion. *See Pfeifer,* 1997 WL 276085, at *3. Work product protection, therefore, is not available for the secretly recorded tapes in this case.

 Finally, Plaintiff argues that, even if the Court compels her to produce the tapes, she should be permitted to produce them *after* the depositions of the taped witnesses. She thus seeks to use them for impeachment purposes. Because of the reasons already outlined and because Smith has adduced no convincing evidence that compels this Court to deviate from the general rule of liberal pre-trial discovery, she must produce the tapes prior to the depositions of the taped witnesses. *See Robertson,* 1999 WL 199093, at *2 (wherein court exercised its discretion to order that secretly recorded tapes be produced prior to any depositions of the taped witnesses); *Giladi,* 1998 WL 183874, at *1 (holding that secretly recorded tapes, including ones with plaintiff's statements, had value beyond impeachment). In this context, the Federal Rules will not allow Plaintiff to hide the ball.

Accordingly, Plaintiff's objections to the production of the tape recordings are overruled.

### III. Conclusion

For the foregoing reasons, Defendant WNC's Motions to Compel is GRANTED. Plaintiff is ORDERED to produce to Defendant copies of all audiotapes made by Plaintiff containing conversations with and among Defendant and any of its current or former employees within ten (10) days from the date of this Order.