**Francesca COSTA, Plaintiff,**

v.

**AFGO MECHANICAL SERVICES, INC., et al., Defendants.**

**No. 05 CV 4640(SJ).**

United States District Court, E.D. New York.

April 17, 2006.

Margaret Ellen McIntyre, Attorney at Law, New York, NY, for Plaintiff.

Adam Kleinberg, Miranda & Sokoloff, LLP, Mineola, NY, for Defendants.

*ORDER*

POLLAK, United States Magistrate Judge.

On September 30, 2005, plaintiff Francesca Costa commenced this action against AFGO Mechanical Services, Inc. ("AFGO"), Glenn Udell, Chief Executive Officer of AFGO, and Al Asbaty, Chief Financial Officer of AFGO, pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*, and New York state law, alleging employment discrimination on the basis of "gender, pregnancy, disability and retaliation." (Compl.¶ 1).

Over a period of several days prior to the termination of plaintiff's employment, the plaintiff recorded several telephone conversations with defendants Udell and Asbaty, totaling approximately 40 minutes of conversation. (Letter of Margaret McIntyre, Esq., dated March 29, 2006 ("Pl's.Letter") at 1). At the time, defendants were apparently unaware that their conversations were being recorded. (*See id.* at 2). According to plaintiff, "the recorded conversations . . . touched on numerous issues related to plaintiff's employment." (*Id.*) Among other things, plaintiff indicates that in these recorded conversations, she explained the medical condition that caused her to stay home from work, reiterated that she would return to work when possible, and argued against her termination. (*Id.*) Plaintiff believes that the recordings will contradict defendants' statements concerning plaintiff's work performance and defendants' plans to terminate plaintiff's employment. (*Id.*) Plaintiff further states that "[t]he most pertinent comments made by the two defendants on the tape, which evince a discriminatory intent, are referenced in plaintiff's complaint." (*Id.*)

On March 29, 2006, the plaintiff applied to this Court for a protective order, seeking to delay production of the audiotape until after the depositions of defendants Udell and Asbaty. (*Id.*) Plaintiff alleges that if the tape is disclosed prior to their depositions, "defendants could tailor their testimony about not just the taped conversations themselves, but also about plaintiff's overall work performance, to conform to their comments made in the taped conversations." (*Id.*) Citing *Poppo v. AON Risk Servs., Inc.*, No. 00 CV 4165, 49 Fed.R.Serv.3d 120, 120, 2000 WL 1800746, at *1–2 (S.D.N.Y. Dec. 6, 2000), and *Boyce v. Allied Interstate*, No. 05 CV 1596, 2005 WL 2160204, at *1, 2005 U.S. Dist. LEXIS 19076, at *1 (W.D.N.Y.2005), plaintiff contends that a court may delay the production of an audiotape until after deposition out of a concern that the witness will tailor his or her testimony to match the recorded statements. (*Id.*) The plaintiff argues that she has an interest in obtaining the present, unrefreshed recollection of the defendants concerning their conversations with plaintiff in the days preceding her termination, which "outweighs any prejudice to defendants." (*Id.* (citing *Sherrell Perfumes, Inc. v. Revlon, Inc.*, 77 F.R.D. 705, 707 (S.D.N.Y.1977))). To address defendants' interest in conducting full discovery, plaintiff offers that "defendants can be afforded the opportunity to depose plaintiff after disclosure of the tape[ ] in order to question her about the recorded conversations." (*Id.* (citing *Sherrell Perfumes, Inc. v. Revlon, Inc.*, 77 F.R.D. at 707)).

By letter dated April 3, 2006, defendants respond that plaintiff's conclusory allegations are insufficient to justify a protective order under Federal Rule of Civil Procedure 26. (Letter of Adam Kleinberg, Esq. ("Defs.' Letter") at 2 (citing *Rofail v. United States*, 227 F.R.D. 53, 55–57 (E.D.N.Y.2005))). Defendants contend that a party cannot estab-

lish good cause for the issuance of a protective order through mere assertions that a witness may alter his or her testimony based on the recorded statements. (Defs.' Letter at 2). Defendants argue that the principles of federal discovery "requir[e] parties to be forthcoming in discovery," and discovery should not be circumvented by a "Protective Order[ ] based on unsupported fears." (*Id.* (citing *Rofail v. United States*, 227 F.R.D. at 55 (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)))).

## DISCUSSION

Rule 34 of the Federal Rules of Civil Procedure governs the discovery of "documents" and "things," including "writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained. . . ." Fed. R.Civ.P. 34(a). The scope of discovery under Rule 34 is governed by Rule 26(b), which provides that a party may obtain discovery of materials that are relevant and not privileged. Bearing in mind that the discovery rules "should be interpreted broadly" to achieve the important purposes for which they have been enacted, *see Sackman v. Liggett Group, Inc.*, 173 F.R.D. 358, 361 (E.D.N.Y.1997) (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230 (2d Cir.1985)), there can be no dispute that the audiotape at issue in this case is "relevant to the claim or defense of [a] party . . . [and] appear[ ] reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

### A. Party Statements

Pursuant to Rule 26(b)(3), a party's statements are "discoverable as of right in the federal courts. . . ." Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, 8 *Fed. Prac. & Proc. Civ.2d* § 2027 (2005). The Rule provides that "[a] party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party." Fed. R.Civ.P. 26(b)(3). For purposes of Rule 26(b)(3), a statement is defined as "(A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded." *Id.*

■ Accordingly, there is no question that all audiotape recorded statements by defendants which concern the subject matter of the litigation qualify as party statements and must be produced under Rule 26(b)(3). *See, e.g., Miles v. M/V Mississippi Queen*, 753 F.2d 1349, 1351 (5th Cir.1985) (noting that Rule 26(b)(3) "allows no room for the weighing of pros and cons, although the court has some latitude in determining the time when the statements must be produced . . ."); *Rofail v. United States*, 227 F.R.D. at 55; *McDaniel v. Freightliner Corp.*, No. 99 CV 4292, 2000 WL 303293, at *7–8 (S.D.N.Y. Mar.23, 2000). The issue in contention is whether the production of such a statement should properly be postponed until after the party who made the statement has been deposed. *See, e.g., Rofail v. United States*, 227 F.R.D. at 55–56; *Poppo v. AON Risk Servs., Inc.*, 2000 WL 1800746, at *1.

### B. Delay of Disclosure

#### 1. Discretion of the Court

■ Whether or not disclosure should be delayed is a matter of the court's discretion. *See Rofail v. United States*, 227 F.R.D. at 54 (citing *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir.1992)); *McDaniel v. Freightliner Corp.*, 2000 WL 303293, at *8. Under Rule 26(c)(2), a party seeking to delay discovery of a witness statement until after a deposition may seek a protective order from the court, but that party may not independently withhold production without court authorization. *See Willard v. Constellation Fishing Corp.*, 136 F.R.D. 28, 31 (D.Mass. 1991) (noting that "any deferral of disclosure requires action by the Court; it cannot be accomplished unilaterally"); *see also SEC v. Softpoint, Inc.*, 958 F.Supp. 846, 856 (S.D.N.Y.1997) (noting that party witness disregarded proper procedure in failing to apply to the court for a protective order in

advance of his deposition, at which he refused to provide testimony), *aff'd,* 159 F.3d 1348 (2d Cir.1998). The burden is on the plaintiff to establish the need for a protective order delaying production of a party statement. *See Mitchell v. Fishbein,* 227 F.R.D. 239, 244–45 (S.D.N.Y.) (holding that Rule 26(c) "places the burden on [the] movant to show good cause" for the protection requested) (internal quotation omitted), *aff'd upon reconsideration,* No. 01 CV 2760, 2005 WL 1572158 (S.D.N.Y. July 1, 2005); *Giladi v. Albert Einstein Coll. of Med.,* No. 97 CV 9805, 1998 WL 183874, at *1 (S.D.N.Y. Apr.15, 1998) (holding that movant had not sustained his burden of demonstrating that delayed production of audiotape until after depositions was warranted).

■ Plaintiff cites several cases where written or audiotaped statements of a party have been held subject to production under Rule 26, but where the courts have held that a protective order is warranted, allowing the adverse party to take a deposition before disclosure of the statement. (*See* Pl's. Letter at 1–2 (citing *Boyce v. Allied Interstate,* 2005 WL 2160204, at *1, 2005 U.S. Dist. LEXIS 19076, at *1; *Poppo v. AON Risk Servs., Inc.,* 2000 WL 1800746, at *1–2; and *Sherrell Perfumes, Inc. v. Revlon, Inc.,* 77 F.R.D. at 707)). In *Poppo,* the court issued an order delaying the production of certain audiotapes to prevent the defendant's witnesses from altering their deposition testimony to conform to their recorded statements. *Poppo v. AON Risk Servs., Inc.,* 2000 WL 1800746, at *1–2. The court did not, however, specifically address whether the tapes had an independent substantive evidentiary value (*see* discussion *infra* pp. 25–26), nor did the court discuss whether the plaintiff had sustained her burden of establishing "good cause" for the protective order. *Id.* (noting that "[s]ince biblical times the prospect of tailoring testimony and its ramifications has been understood and condemned"). *See also Boyce v. Allied Interstate,* 2005 WL 2160204, at *1, 2005 U.S. Dist. LEXIS 19076, at *1 (relying, without further discussion, upon *Poppo* and upon *Gargiulo v. Client Services, Inc.,* No. 04 CV 5410 (E.D.N.Y. May 12, 2005) (granting protective order without opinion)); *Torres–Paulett v. Tradition Mari-*

*ner, Inc.,* 157 F.R.D. 487, 488 (S.D.Cal.1994) (holding that "[i]f defendant was required to produce plaintiff's recorded statement prior to the deposition, defendant would be deprived of plaintiff's unrefreshed recollection of the events that give rise to the accident"); *Sherrell Perfumes, Inc. v. Revlon, Inc.,* 77 F.R.D. at 707 (affirming protective order requiring disclosure of surreptitiously recorded telephone conversations with defendants only after their depositions had been taken, and finding that plaintiff's interest in determining witness' present unrefreshed recollection outweighed any prejudice to defendants).

This Court is not persuaded by the reasoning of these decisions. Under the assumption that a party who was given access to his recorded statements would fabricate evidence to conform his testimony to the recorded statements, there is no reason to believe that the same party would not also conform his testimony to prior statements made in written documents or other records. Yet Rule 26(b)(3) provides for the discovery of a party's statements as of right, including both oral and written statements, *see* Fed.R.Civ.P. 26(b)(3), and rarely do courts authorize the taking of party depositions prior to the production of documents. Where a specific showing of good cause has been made, Rule 26(c) authorizes the court to issue a protective order. In the absence of such a showing, however, this Court finds that there is no reason to assume automatically that the party whose statements have been recorded will have a propensity to fabricate evidence or lie during the course of his or her testimony.

Adopting similar reasoning, other courts have held that where, as here, the plaintiff obtained the tape "in a less than forthright manner," such as where the other party has been secretly tape-recorded, then the tape should be disclosed prior to the deposition. *See, e.g., Roberts v. Americable Int'l, Inc.,* 883 F.Supp. 499, 505 (E.D.Cal.1995); *see also Mason v. T.K. Stanley, Inc.,* 229 F.R.D. 533, 535 (S.D.Miss.2005) (affirming magistrate judge's ruling that surreptitiously recorded tapes must be produced prior to deposition); *Smith v. WNA Carthage, L.L.C.,* 200 F.R.D. 576, 579 (E.D.Tex.2001) (holding same); *Rob-*

*ertson v. National R.R. Passenger Corp.*, No. 98 CV 1397, 1999 WL 199093, at *1–2 (E.D.La.) (same), *clarified on other grounds,* 1999 WL 350115 (E.D.La.1999). These courts have reasoned that the party whose conversation was secretly recorded "should not be subjected to a deposition, the partial purpose of which is simply to create inconsistencies or otherwise set up impeachment in [the defendants'] testimony, without [the defendant] having had a chance to review the tapes—the same opportunity that [plaintiff] had prior to her deposition." *Roberts v. Americable Int'l, Inc.*, 883 F.Supp. at 505. In *McDaniel v. Freightliner Corp.*, the court distinguished the "considerably less compelling" situation of employees seeking to delay production of recorded statements made in the presence of counsel from "the plight of a party who makes a statement shortly after an [incident] without benefit of counsel and then seeks to obtain it prior to being deposed to refresh his or her recollection." *McDaniel v. Freightliner Corp.*, No. 99 CV 4292, 2000 WL 303293, at *8 (S.D.N.Y. Mar.23, 2000). Under those circumstances, as is the case in this instance, "unless the statement is disclosed, there is a serious risk that the [speaker] may be sandbagged." *Id.*

### 2. *Substantive or Impeachment Value*

There is an additional reason for requiring disclosure of the audiotape in this case. Numerous cases have held that "[w]here surveillance materials are used for purposes beyond impeachment as 'substantive evidence,' ... the materials must be produced before trial without limitation." *Brannan v. Great Lakes Dredge & Dock Co.*, No. 96 CV 4142, 1998 WL 229521, at *1 (S.D.N.Y. May 7, 1998); *see also Giladi v. Albert Einstein Coll. of Med.*, 1998 WL 183874, at *1 (holding that where there is a "reasonable likelihood that the tape captures conversations that are directly relevant to issues at the heart of this case," then "the tape has value beyond serving as impeachment material" and "must be immediately produced").

Here, plaintiff apparently concedes that the tape contains substantive information, useful for more than potentially impeaching the defendants at trial. Plaintiff acknowledges that "[t]he most pertinent comments made by the two defendants on the tape, which evince a discriminatory intent, are referenced in plaintiff's complaint," and that "the recorded conversations ... touched on numerous issues related to plaintiff's employment." (Pl's. Letter at 2). While the taped conversations can possibly be used for impeachment purposes, they are also clearly "substantive evidence" in that they may be used "to establish the truth of a matter to be determined by the trier of fact." *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir.1993), *cert. denied*, 511 U.S. 1029, 114 S.Ct. 1536, 128 L.Ed.2d 189 (1994); *see also Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir.1998) (adopting standard set forth in *Chiasson v. Zapata Gulf Marine Corp.*), *cert. denied*, 526 U.S. 1039, 119 S.Ct. 1334, 143 L.Ed.2d 498 (1999); *Lomascolo v. Otto Oldsmobile–Cadillac, Inc.*, 253 F.Supp.2d 354, 359–60 (N.D.N.Y.2003) (surveying cases distinguishing between substantive and impeachment evidence).[1] Based upon the information provided by plaintiff herself, this

---

1. Unlike surveillance videos that are often taken of the plaintiff following the filing of the lawsuit at the suggestion of defendant's counsel, in order to document the true nature of plaintiff's alleged injuries for purposes of impeachment at trial, these audiotaped recordings actually represent substantive evidence of the facts and circumstances that led up to the filing of the litigation. Thus, while numerous courts have withheld production of surveillance videos until after the plaintiff has been deposed, *see, e.g., Brannan v. Great Lakes Dredge & Dock Co.*, 1998 WL 229521, at *1 (holding that defendant was not required to produce copies of its surveillance videotapes until after the plaintiff submits to a deposition); *Daniels v. National R.R. Passenger Corp.*, 110 F.R.D. 160, 161 (S.D.N.Y.1986) (holding that plaintiff and other affected persons must be made available for depositions before production of surveillance materials by defendant); *Martin v. Long Island R.R. Co.*, 63 F.R.D. 53, 55 (E.D.N.Y.1974) (granting plaintiff's request to view photographs and movies of the plaintiff taken by defendant, but noting that had the plaintiff not previously been deposed, the court would condition the order upon the plaintiff first giving a deposition), where, as here, the tape has an evidentiary value beyond mere impeachment, many courts require them to be produced before deposition. *See, e.g., Giladi v. Albert Einstein Coll. of Med.*, 1998 WL 183874, at *1; *see also Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d at 517.

Court finds the tape recordings at issue to have substantive, discoverable content that could be used to establish the truth of the alleged facts, relevant to plaintiff's claims and defendants' defenses.

### 3. *Showing of Good Cause*

In support of her motion to the Court to delay production of the recordings, plaintiff indicates only that "defendants could tailor their testimony about not just the taped conversations themselves, but also about plaintiff's overall work performance, to conform to their comments made in the taped conversations." (Pl's. Letter at 2). Plaintiff contends that her interest in obtaining the present, unrefreshed recollection of the defendants' conversations with plaintiff outweighs any prejudice to defendants. (*Id.*)

This Court concurs with the reasoning set forth in *Rofail v. United States*, 227 F.R.D. at 57–59, and finds that plaintiff's mere "conclusory allegation[ ]" is insufficient to establish good cause. In *Rofail v. United States*, this court considered and rejected the rationale set forth in *Poppo v. AON Risk Services*, 49 Fed.R.Serv.3d at 120, 2000 WL 1800746, at *1–2. Emphasizing the requirement under Federal Rule of Civil Procedure 26(c) that good cause must be shown before a protective order can issue, the court in *Rofail* held that the mere "conclusory allegation[ ], unsupported by any particular and specific demonstration of fact" that the witness may alter his testimony, does not constitute good cause. *Rofail v. United States*, 227 F.R.D. at 57, 59. "To conclude that a witness would lie because [there were no witnesses to the original incidents underlying the action] or would testify truthfully only because of the threat that his prior statements might contradict him is simply stereotyping...." *Id.* at 57. Rule 26(c) requires that a party establish good cause for a protective order in part because such an order deviates from the general principle of federal discovery "that parties be forthcoming with relevant information in their possession.... Open discovery is the norm. Gamesmanship with information is discouraged and surprises are abhorred. Adherence to these principles assists the trier of fact and serves efficiency in the adjudication of disputes." *Id.* at 58. In this case, the Court does not find that plaintiff has established sufficient cause to justify deviating from these principles.

### *CONCLUSION*

The Court, therefore, holds that plaintiff has failed to satisfy her burden of establishing good cause for the issuance of a protective order under Federal Rule of Civil Procedure 26(c)(2). Moreover, based upon the plaintiff's own information to this Court, the Court finds the tape recordings to contain substantive information that could be used not merely to impeach the defendants, but to establish the truth of plaintiff's claims or defendants' defenses. Finally, because plaintiff recorded her conversations with the defendants without their knowledge, there is a heightened justification for producing the tape recordings to the defendants in advance of their depositions.

Accordingly, plaintiff's motion for a protective order to require production of the tape recordings only after defendants' depositions are completed is denied. Plaintiff is Ordered to produce the tape recordings to defendants by April 24, 2006.

**SO ORDERED.**