

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-08-269-CV

IN RE U.S. HOME CORPORATION                                     RELATORS
D/B/A LENNAR CORPORATION
AND DONNY HENDRIX

------------

### ORIGINAL PROCEEDING

------------

### MEMORANDUM OPINION[1]

------------

This mandamus proceeding arises out of an employment discrimination

dispute pending in the 67th Judicial District Court of Tarrant County, the

Honorable Don Cosby presiding ("Respondent").  Relator U.S. Home Corp. d/b/a

Lennar Corp. and Real Party in Interest Keri Fields each filed motions to compel

with regard to the order in which depositions would be taken and when

audiotape recordings made by Fields would be produced.  Respondent denied

------------

[1] *See* Tex. R. App. P. 47.4.

U.S. Home's motion and granted in part and denied in part Fields's motion. U.S. Home has filed this original proceeding to request that we determine "as a matter of state law, whether a party might be denied access to his own surreptitiously recorded statements during discovery and forced to sit for his deposition nonetheless." We divine[2] that U.S. Home has also filed this original proceeding to request that we order Respondent to allow U.S. Home's employees to review Fields's tape recordings, which allegedly contain conversations between Fields and U.S. Home's employees that were surreptitiously recorded by Fields, before Fields takes their depositions.[3] We are constrained to deny the petition for writ of mandamus.

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding);

---

[2] Unlike in the previous original proceeding discussed in note 3, this one does not contain a prayer to inform this court of the exact relief sought. *See* Tex. R. App. P. 52.3(i).

[3] This is not the first time U.S. Home has sought a writ of mandamus involving essentially the same issue—its previous petition involved an order by the 153rd Judicial District Court of Tarrant County allowing Fields to take U.S. Home's employees' depositions pursuant to Texas Rule of Civil Procedure 202. *See In re Lennar Corp.*, No. 02-06-00454-CV, 2006 WL 3844167, at *1 (Tex. App.—Fort Worth Dec. 28, 2006, orig. proceeding [mand. dism'd]). When Fields filed this lawsuit, the Texas Supreme Court dismissed the earlier petition as moot.

*Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  *Walker*, 827 S.W.2d at 839.  With respect to the resolution of matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable.  *Id.* at 839–40.  This burden is a heavy one.  *In re CSX Corp.*, 124 S.W.3d 149, 151–52 (Tex. 2003) (orig. proceeding).

U.S. Home sought production of tape recordings that Fields secretly made prior to the termination of her employment with U.S. Home, and sought this production prior to the depositions of three of its employees.  Fields sought to take U.S. Home's employees' depositions prior to her own deposition and prior to her production of "an audio taped conversation between herself and [U.S. Home's] Human Resources representative."  After a hearing on this issue, Respondent denied U.S. Home's motion and granted in part and denied in part Fields's motion.  Respondent set out in his order that Fields's deposition would be taken first and that, upon completion of all four depositions, "no later than 72 hours after time has expired [for U.S. Home's three employees] to make corrections to their written deposition transcript[s] . . . [Fields's] counsel shall

3

deliver to counsel for [U.S. Home] a copy of the tape(s) at issue as well as a transcribed copy of the tape(s)." Respondent also ordered Fields to make a copy of the "tape(s) at issue as well as a transcript of such tape(s)" to submit to Respondent within ten days of receiving the order. Respondent indicated that he would treat the copy as an *in camera* submission and that "[n]o copy of the tape(s) shall be submitted to [U.S. Home] at this time."

Discovery matters are principally within the discretion of the trial court. *See Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 41 (Tex. 1989) (orig. proceeding). Further, although a failure by the trial court to apply the law correctly constitutes an abuse of discretion, the law on whether a party is entitled to production of his recorded statement prior to any effort to take his deposition is unsettled. *See* Tex. R. Civ. P. 192.3(h); *compare Costa v. Afgo Mech. Servs., Inc.*, 237 F.R.D. 21, 25 (E.D.N.Y. 2006) (holding, on facts similar to this case, that when the facts on the recording are substantive and they were recorded in a "less than forthright manner," the recording should be disclosed prior to a deposition on it, to prevent the risk of "sandbagg[ing]"), *with Poppo v. AON Risk Servs., Inc.*, No. 00-Civ-4165(HB), 2000 WL 1800746, at *1 (S.D.N.Y. Dec. 6, 2000) (counting cases, observing that "[s]ince biblical times the prospect of tailoring testimony and its ramifications

4

has been understood and condemned," and ordering that depositions should proceed first, before the plaintiff would be required to disclose the audiotapes).[4]

On the record before us, we cannot say that Respondent reached a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *See Colonial Pipeline Co.*, 968 S.W.2d at 943 ("A trial court has discretion to schedule discovery."); Robert S. Shwarts, *The Age of the Electronic Workplace*, 762 PLI/Lit 625, 707 (2007) ("In the end, because courts are invested with significant latitude to control the 'timing and sequence of discovery' . . . courts will have wide discretion to resolve disputes concerning the timing of production of prior recorded statements."). Therefore, because the timing of discovery is within the trial court's discretion, we are constrained to deny U.S. Home's petition for writ of mandamus.

BOB MCCOY
JUSTICE

PANEL: CAYCE, C.J.; WALKER and MCCOY, JJ.

CAYCE, C.J. concurs without opinion.

DELIVERED: September 11, 2008

---

[4] The provisions of federal rule of civil procedure 26(b)(3)(C) are similar to Texas rule 192.3(h). *See* Fed. R. Civ. P. 26(b)(3)(C). However, neither rule sets out *when* such a statement must be disclosed, or whether it must be before or after the deposition of the statement's maker.