COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                       NO.
02-08-269-CV

 

 

IN RE U.S. HOME
CORPORATION                                             RELATORS

D/B/A LENNAR CORPORATION

AND DONNY HENDRIX

                                                    

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This mandamus proceeding arises out of an
employment discrimination dispute pending in the 67th Judicial District Court
of Tarrant County, the Honorable Don Cosby presiding (ARespondent@).  Relator U.S. Home Corp. d/b/a Lennar Corp.
and Real Party in Interest Keri Fields each filed motions to compel with regard
to the order in which depositions would be taken and when audiotape recordings
made by Fields would be produced. 
Respondent denied U.S. Home=s motion
and granted in part and denied in part Fields=s
motion.  U.S. Home has filed this
original proceeding to request that we determine Aas a
matter of state law, whether a party might be denied access to his own
surreptitiously recorded statements during discovery and forced to sit for his
deposition nonetheless.@ 
We divine[2]
that U.S. Home has also filed this original proceeding to request that we order
Respondent to allow U.S. Home=s
employees to review Fields=s tape
recordings, which allegedly contain conversations between Fields and U.S. Home=s employees
that were surreptitiously recorded by Fields, before Fields takes their
depositions.[3]  We are constrained to deny the petition for
writ of mandamus.








Mandamus will issue to correct a discovery order
if the order constitutes a clear abuse of discretion and there is no adequate
remedy by appeal.  In re Colonial
Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A trial court clearly abuses its discretion
when it reaches a decision so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law.  Walker,
827 S.W.2d at 839.  With respect
to the resolution of matters committed to the trial court=s
discretion, we may not substitute our judgment for that of the trial court
unless the relator establishes that the trial court could reasonably have
reached only one decision and that the trial court=s
decision is arbitrary and unreasonable.  Id.
at 839B40.  This burden is a heavy one.  In re CSX Corp.,  124 S.W.3d 149, 151B52 (Tex.
2003) (orig. proceeding).  








U.S. Home sought production of tape recordings
that Fields secretly made prior to the termination of her employment with U.S.
Home, and sought this production prior to the depositions of three of its
employees.  Fields sought to take U.S.
Home=s
employees= depositions prior to her own
deposition and prior to her production of Aan audio
taped conversation between herself and [U.S. Home=s] Human
Resources representative.@ 
After a hearing on this issue, Respondent denied U.S. Home=s motion
and granted in part and denied in part Fields=s
motion.  Respondent set out in his order
that Fields=s deposition would be taken
first and that, upon completion of all four depositions, Ano later
than 72 hours after time has expired [for U.S. Home=s three
employees] to make corrections to their written deposition transcript[s] . . .
[Fields=s]
counsel shall deliver to counsel for [U.S. Home] a copy of the tape(s) at issue
as well as a transcribed copy of the tape(s).@  Respondent also ordered Fields to make a copy
of the Atape(s)
at issue as well as a transcript of such tape(s)@ to
submit to Respondent within ten days of receiving the order.  Respondent indicated that he would treat the
copy as an in camera submission and that A[n]o
copy of the tape(s) shall be submitted to [U.S. Home] at this time.@








Discovery matters are principally within the
discretion of the trial court.  See
Flores v. Fourth Court of Appeals, 777 S.W.2d 38, 41 (Tex. 1989) (orig.
proceeding).  Further, although a failure
by the trial court to apply the law correctly constitutes an abuse of
discretion, the law on whether a party is entitled to production of his
recorded statement prior to any effort to take his deposition is
unsettled.  See Tex. R. Civ. P.
192.3(h); compare Costa v. Afgo Mech. Servs., Inc., 237 F.R.D. 21, 25
(E.D.N.Y. 2006) (holding, on facts similar to this case, that when the facts on
the recording are substantive and they were recorded in a Aless
than forthright manner,@ the recording should be
disclosed prior to a deposition on it, to prevent the risk of Asandbagg[ing]@), with
Poppo v. AON Risk Servs., Inc., No. 00-Civ-4165(HB), 2000 WL 1800746, at
*1 (S.D.N.Y. Dec. 6, 2000) (counting cases, observing that A[s]ince
biblical times the prospect of tailoring testimony and its ramifications has
been understood and condemned,@ and
ordering that depositions should proceed first, before the plaintiff would be
required to disclose the audiotapes).[4]      On
the record before us, we cannot say that Respondent reached a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.  See Colonial Pipeline Co.,
968 S.W.2d at 943 (AA trial court has discretion to
schedule discovery.@); Robert S. Shwarts, The Age
of the Electronic Workplace, 762 PLI/Lit 625, 707 (2007) (AIn the
end, because courts are invested with significant latitude to control the >timing
and sequence of discovery= . . . courts will have wide
discretion to resolve disputes concerning the timing of production of prior
recorded statements.@).  Therefore, because the timing of discovery is
within the trial court=s discretion, we are constrained
to deny U.S. Home=s petition for writ of
mandamus.  

 

 

BOB
MCCOY

JUSTICE

 

PANEL:  CAYCE, C.J.; WALKER and MCCOY, JJ.

 

CAYCE, C.J. concurs
without opinion.

 

DELIVERED: September 11, 2008   











[1]See Tex. R. App. P. 47.4.





[2]Unlike in the previous
original proceeding discussed in note 3, this one does not contain a prayer to
inform this court of the exact relief sought. 
See Tex. R. App. P. 52.3(i).





[3]This is not the first
time U.S. Home has sought a writ of mandamus involving essentially the same
issueCits previous petition
involved an order by the 153rd Judicial District Court of Tarrant County
allowing Fields to take U.S. Home=s employees= depositions pursuant to Texas Rule of Civil
Procedure 202.  See In re Lennar Corp.,
No. 02-06-00454-CV, 2006 WL 3844167, at *1 (Tex. App.CFort Worth Dec. 28, 2006,
orig. proceeding [mand. dism=d]).  When
Fields filed this lawsuit, the Texas Supreme Court dismissed the earlier
petition as moot.





[4]The provisions of federal
rule of civil procedure 26(b)(3)(C) are similar to Texas rule 192.3(h).  See Fed. R. Civ. P. 26(b)(3)(C).  However, neither rule sets out when
such a statement must be disclosed, or whether it must be before or after the
deposition of the statement=s maker.