Lisa CORNELL, Plaintiff,

v.

**JIM HAWK TRUCK TRAILER, INC., et al., Defendants.**

No. C13–4022–DEO.

United States District Court,
N.D. Iowa,
Western Division.

Dec. 16, 2013.

Brooke Catherine Timmer, Whitney C. Judkins, Fiedler & Timmer, P.L.L.C., Urbandale, IA, for Plaintiff.

Craig Franklin Martin, Lamson, Dugan & Murray, LLP, Omaha, NE, for Defendants.

## ORDER

LEONARD T. STRAND, United States Magistrate Judge.

### TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 599

II.  RELEVANT BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 599

III. ANALYSIS ...................................................600
   A. *Is Cornell's Motion Timely?* ..............................600
   B. *Is Cornell Entitled To The Order She Requests?* .....................600
     1. *Applicable Standards* ...........................600
     2. *Does Good Cause Exist To Enter The Requested Order?* ............602

IV. CONCLUSION ................................................603

## I. INTRODUCTION

Plaintiff has filed a motion (Doc. No. 23) for order regarding sequence of discovery. She seeks entry of an order that would allow her to withhold discovery of certain requested audio recordings until certain witnesses have been deposed in this case. Defendants have filed a resistance (Doc. No. 24) and plaintiff has filed a reply (Doc. No. 25). No party has requested oral argument and, in any event, I find that oral argument is not necessary. *See* N.D. Ia. L.R. 7(c). The motion is fully submitted.

## II. RELEVANT BACKGROUND

Plaintiff Lisa Cornell filed this case on February 22, 2013. Her complaint, as later amended, asserts claims against Jim Hawk Truck Trailer, Inc., Sioux City Jim Hawk Truck Trailer, Inc., and Shawn Corbett.[1] *See* Doc. No. 15. Cornell alleges that she was hired on February 7, 2011, to be the office manager of the Hawk Defendants' Sioux City branch. She further alleges that Corbett was the general manager and her direct supervisor. She contends that Corbett started sexually harassing her about three months after her employment began. She contends that the harassment took place both in the office and outside the office, via text messaging. Her amended complaint includes detailed allegations concerning Corbett's alleged comments and actions. Doc. No. 15 at ¶¶ 19–26.

Cornell alleges that when she did not respond favorably to Corbett's sexual advances, he began treating her differently. She further alleges that she reported Corbett's conduct to members of the Hawk Defendants' management team but her complaints were not acted upon. She contends she was then fired a short time after filing complaints with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission. *Id.* at ¶¶ 27–47. She asserts claims of sexual harassment, discrimination and retaliation under the Iowa Civil Rights Act and Title VII of the Civil Rights Act of 1964.

All of the defendants have filed answers denying various allegations and denying liability to Cornell. On August 16, 2013, the Hawk Defendants served written requests for the production of documents and things. Request No. 13 sought "photographs, audio or video recordings, or similar media that in any manner relates to or supports any of the allegations or claims contained in your Amended Complaint in this case." Doc. No. 23–2 at 2. Counsel for the Hawk Defendants later agreed to a "reasonable" extension of time for responses. On November 26, 2013, Cornell served her written responses. With regard to Request No. 13, she referred to certain photographs and stated: "Plaintiff will also supplement." *Id.*

Cornell filed her present motion the following day. She states that because she was typically alone with Corbett when he engaged in allegedly-harassing conduct, she "began discreetly recording her conversations at the Sioux City location using a hidden audio recorder." Doc. No. 23–1 at 3. She further states that the recordings contain conversations between herself and (a) Corbett, (b) other employees at the Sioux City branch, (c) Patti Sherwin, the Hawk Defendants' human resources manager and (d) Dave Hawk, the owner of the Hawk Defendants. *Id.* at 4. She states that the recordings are in her counsel's possession and that "some of the recordings are relevant and likely admissible evidence." *Id.* at 3.

---

1. I will refer to Jim Hawk Truck Trailer, Inc., and Sioux City Jim Hawk Truck Trailer, Inc., collectively herein as the Hawk Defendants.

Cornell seeks entry of an order allowing her to defer production of the audio recordings until she has had the opportunity to depose Corbett, Sherwin and Hawk. She does not contend that the recordings are privileged or otherwise protected from being produced in this case. Doc. No. 23–1 at 4. However, she alleges that if these witnesses are able to hear them before they are deposed, they "will undoubtedly be tempted to tailor or qualify their testimony to match the recordings." The Hawk Defendants disagree. First, they contend that Cornell did not timely raise this issue in light of the fact that they served document production requests more than three months before Cornell filed her motion. Second, they contend that Cornell has not made the required showing of good cause for entry of an order allowing her to withhold discovery until certain witnesses have been deposed.

### III.  ANALYSIS

#### A.  *Is Cornell's Motion Timely?*

Before addressing the merits of Cornell's motion, I will address the Hawk Defendants' argument that she waited too long to file it. There is no dispute that the Hawk Defendants served document requests on August 16, 2013, and that Cornell did not file her motion until more than three months later. Moreover, in her written response to Request No. 13, served November 26, 2013, Cornell did not state that any audio recordings existed, nor did she interpose an objection to producing them based on her theory that it was premature to do so at that time.

All of this is bad practice on Cornell's part. She clearly knew the recordings existed and, as of August 2013, that they were subject to a discovery request in this case. She could have raised the issue long before now. She also could have, and should have, referenced the audio recordings in her written response to Request No. 13 and described her reason for withholding their production. I could easily find that Cornell waived her right to seek relief by failing to act within the time required by Federal Rule of Civil Procedure 34(b)(2). This is especially true in light of the fact that the parties' agreed deadline for

the close of discovery is just a few days away. *See* Doc No. 11.

■ What saves Cornell here, however, is the Hawk Defendants' acknowledgement that they agreed to extend her time to respond. Doc. No. 24 at 2. Apparently, this agreed extension had no specific due date. Instead, the Hawk Defendants argue that they agreed to a "reasonable" extension and that this extension expired long ago. While the professional courtesy that led to the extension is laudable, the extension's indefinite nature prevents me from finding that Cornell acted untimely. If the extension had been for a specific period of time, and Cornell failed to serve her discovery responses and file her motion within that time, the Hawk Defendants would have much stronger argument. However, I will not reject Cornell's motion based on a subjective interpretation of a "reasonable" extension.

#### B.  *Is Cornell Entitled To The Order She Requests?*

##### 1.  *Applicable Standards*

Cornell's motion is governed by Federal Rule of Civil Procedure 26(d)(2), which states in relevant part:

> *Sequence.* Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>
> (A) methods of discovery may be used in any sequence; and
>
> (B) discovery by one party does not require any other party to delay its discovery.

*See* Fed.R.Civ.P. 26(d). Thus, what Cornell seeks is an exception to the normal practice. She seeks to delay her production of certain requested materials until she has had the opportunity to conduct other discovery.

■ Courts have "substantial discretion" in granting or denying requests for orders under Rule 26. *See, e.g., Marksmeier v. Davie,* 622 F.3d 896, 903–04 (8th Cir.2010). Because such orders are discretionary, it is not surprising that various courts considering requests similar to Cornell's have reached different conclusions. While each

case is somewhat different, courts have generally taken two approaches. In some cases, courts have assumed that a witness will tailor his or her testimony if allowed to hear recorded conversations prior to giving testimony. Based on this assumption, those courts entered orders allowing the parties in possession of the recordings to withhold production until relevant depositions have occurred. *See, e.g., Bahrami v. Price*, No. 1:11–CV–4483–SCJ–AJB, 2013 WL 3800093, at *7 (N.D.Ga. July 19, 2013); *Manske v. UPS Cartage Servs., Inc.*, 789 F.Supp.2d 213, 217 (D.Me.2011); *Wegrzyn v. Vital Recovery Servs., Inc.*, No. 06–CV–0086E(F), 2007 WL 4867584, at *1 (W.D.N.Y. Jan. 26, 2007); *Renteria v. Collectcorp*, No. C05–00415–HRL, 2005 WL 4019338, at *2 (N.D.Cal. Oct. 26, 2005); *Boyce v. Allied Interstate*, No. CV05–1596 DGT WDW, 2005 WL 2160204, at *1 (W.D.N.Y. Aug. 25, 2005); *Hildebrand v. Wal–Mart Stores, Inc.*, 194 F.R.D. 432, 435 (D.Conn.2000); *Walls v. Int'l Paper Co.*, 192 F.R.D. 294, 298–99 (D.Kan.2000); *Poppo v. AON Risk Servs., Inc.*, No. 00 Civ. 4165(HB), 2000 WL 1800746, at *1 (S.D.N.Y. Dec. 6, 2000); *Ward v. CSX Transp., Inc.*, 161 F.R.D. 38, 40–41 (E.D.N.C.1995).

In other cases, courts have not been as willing to assume that disclosure will lead to tailored testimony. Those courts require a specific showing that good cause exists, under the facts of a particular case, to withhold requested recordings pending depositions. *See, e.g., Williams v. Gunderson Rail Servs., LLC*, Civil Action No. 07–0887, 2008 WL 145251, at *3 (W.D.La. Jan. 14, 2008); *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 436, 438–39 (N.D.Cal.2008); *Costa v. AFGO Mech. Servs., Inc.*, 237 F.R.D. 21, 24–26 (E.D.N.Y.2006); *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356–57 (D.Conn.2006); *Mason v. T.K. Stanley, Inc.*, 229 F.R.D. 533, 536 (S.D.Miss.2005), *Smith v. WNA Carthage, L.L.C.*, 200 F.R.D. 576, 578–79 (E.D.Tex.2001); *Pro Billiards Tour Ass'n, Inc. v. R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229, 231–32 (M.D.N.C.1999); *Roberts v. Americable Int'l, Inc.*, 883 F.Supp. 499, 505 (E.D.Cal.1995). In some of these cases, the courts distinguished substantive evidence from impeachment evidence, finding that a higher showing of need is necessary to with-

hold evidence that goes to the merits of a claim. *See, e.g., Costa*, 237 F.R.D. at 25–26; *Jerolimo*, 238 F.R.D. at 357; *Pro Billiards Tour*, 187 F.R.D. at 232.

No party has cited, nor have I located, any binding precedent on this issue. Having carefully reviewed the cases and arguments on both sides of the issue, I find the analysis in the cases relied on by the Hawk Defendants to be more persuasive. That is, I hold that an order permitting Cornell to withhold the audio recordings at issue is appropriate only if she can establish good cause that such action is necessary under the specific facts of this case. My reasons, which are largely borrowed from the cases cited by the Hawk Defendants, are as follows:

First, the claim that it is important to obtain a witness's "unrefreshed" recollection is not even remotely self-evident. In virtually every case, any key witness will have had the opportunity to review contemporaneous records and written communications before giving testimony under oath. Indeed, it is common practice to delay depositions until all parties have produced the relevant documents and things. If obtaining "unrefreshed" testimony was so vital, lawyers would be clamoring to depose important witnesses immediately, before the exchange of written discovery. The fact that the communications preserved in this case were oral, rather than written, does not make an obvious difference. Simply claiming, without explanation, that it is "critical" to depose witnesses before they have had a chance to hear recorded conversations does not make it so.

▮ Second, asserting that a witness will "tailor" or "shape" testimony if given access to certain materials is simply a polite way of declaring that the witness will lie under oath. However, courts will not assume that a witness will testify untruthfully absent some specific demonstration of fact pointing to that risk. *See, e.g., Louisma v. Automated Fin., L.L.C.*, No. 11 CV 2104, 2011 WL 5105377, at *2 (N.D.Ill. Oct. 27, 2011) (citing *Rofail v. United States*, 227 F.R.D. 53, 59 (E.D.N.Y. 2005)). A blanket assumption that witnesses will "tailor" their testimony if they are given access to discovery materials would require

**602**

withholding those materials in every case until all key witnesses have been deposed.

■ Third, in the absence of a good reason, allowing one party to withhold substantive evidence from another party before deposing that party (or its agents) is fundamentally unfair and contrary to basic principles of discovery in federal civil litigation. The Rules of Civil Procedure authorize broad discovery. *See* Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). "Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Marook v. State Farm Mut. Auto. Ins. Co.*, 259 F.R.D. 388, 394 (N.D.Iowa 2009) (quoting *Rolscreen Co. v. Pella Prods.*, 145 F.R.D. 92, 94 (S.D.Iowa 1992)). When one side has access to recorded conversations, and is thereby able to prepare for depositions with knowledge of their contents, an order depriving party-deponents and their counsel of these materials would not be consistent to the purposes of discovery. Instead, it would set up a judicially-sanctioned ambush.

For these reasons, I will not enter an order delaying production of recorded conversations until certain witnesses are deposed based solely on generalized speculation that those witnesses might "tailor" their testimony (i.e., lie under oath) if they know the contents of the recordings. Instead, an order delaying production is appropriate only if the specific circumstances present in a particular case demonstrate good cause to believe that such relief is necessary to serve the interests of justice.[2]

### 2. *Does Good Cause Exist To Enter The Requested Order?*

Cornell's supporting brief demonstrates that the recordings at issue go directly to the

merits of her case. Indeed, she states that she made the recordings because she was "aware of the difficulties women face in proving they have been targets of illegal harassment and discrimination." Doc. No. 23–1 at 3. Thus, the purpose of the recordings was to generate evidence in support of her claims. Cornell further acknowledges that while some of the recordings are not relevant, others "are relevant and likely admissible evidence." *Id.*

■ I find no circumstances that would justify disrupting the usual flow of discovery and permitting Cornell to withhold production of the recordings until she has deposed Corbett, Sherwin and Hawk. Cornell has provided no information suggesting that the risk of perjury is greater with regard to these witnesses than it would be with regard to any other witnesses who have an interest in a lawsuit. Nor has she demonstrated other unusual circumstances that would create unfair prejudice to her if she is required to produce relevant, non-privileged information. Indeed, the contents of the recordings speak for themselves. If they contain evidence supporting Cornell's claims, it is hard to imagine what testimony the witnesses could give that might deflate their evidentiary value. Cornell certainly does not explain how this could occur.

By contrast, I find that ordering a delay in production would be fundamentally unfair to the defendants. They served a timely and appropriate production request that clearly covers the recordings at issue. Based on the dates alleged in Cornell's amended complaint, the recorded conversations at issue occurred no later than May 2012—at least eighteen months ago. Forcing the witnesses to be deposed without having the opportunity to discover the contents of the recordings would simply set them up for unfair impeachment. Even innocent inconsistencies that arise from faded recollections would become

---

2. Cornell devotes part of her reply brief to an argument that she seeks a "sequencing order" under Rule 26(d), not a "protective order" under Rule 26(c). Doc. No. 25 at 3–4. She contends that this label eliminates the need for her to show good cause to support the requested relief.

I disagree. Regardless of what she calls it, Cornell seeks an order that would change the usual rules and order of discovery and authorize her to withhold discoverable materials that were requested months ago. I hold that such a request requires the movant to demonstrate good cause.

fodder for "gotcha" moments. And, of course, this would be a one-way street. Cornell, the other party to the recorded conversations, has full access to the recordings and, therefore, will be fully refreshed about their contents when she is deposed.

Good cause does not exist for the relief Cornell seeks. She must produce the requested audio recordings without further delay.

## IV. CONCLUSION

Plaintiff's motion (Doc. No. 23) for order regarding sequence of discovery is **denied.**

**IT IS SO ORDERED.**